STUCKEY v. STANLEY, ADMR.

[No. 14,531. Filed January 31, 1933. Rehearing denied May 19, 1933. Transfer denied July 29, 1933.]

*Wyman J. Beckett, Paul R. Benson* and *Barnard & Benson,* for appellant.

*Fenton, Steers, Beasley & Klee, Dailey, O'Neal, Dailey & Efroymson,* amici curiæ.

KIME, P. J.—This was an action brought by appellant against the administrator of the estate of Jones, to recover damages for *personal injuries* received by Stuckey and alleged to be due to the negligence of Jones.

Appellant's complaint was in one paragraph alleging that he was injured in an automobile collision wherein his truck and the Jones car were involved, on June 5, 1930; that Jones died on the same date; that Stanley was the duly appointed administrator of Jones' estate.

Appellee demurred to this complaint and as memoranda says: "A cause of action for death or injury abates on the death of the wrongdoer, and cannot be maintained against the personal representatives." This demurrer was sustained and that action is assigned as error here.

This presents the sole question, viz: whether or not an action for personal injuries abates upon the death of the wrongdoer.

The appellant bases his claim to a right of action squarely on §307, Burns Ann. Stat. 1926 (66 Baldwin's Ind. Ann. Stat. 1934), which is as follows:

"If any person entitled to bring, or liable to, any action, shall die before the expiration of the time limited for the action, the cause of action shall survive to or against his representative and may be brought at any time after the expiration of the time limited within eighteen months after the death of such person."

Appellant says that §307 is not ambiguous or uncertain in its meaning and therefore not open to construction. And further, that there is no escape from the meaning of these words and that explanation can not clarify or lessen their significance.

Appellee depends almost wholly on a prior section, viz., §290, Burns Ann. Stat. 1926 (§49 Baldwin's Ind. Ann. Stat. 1934), which says:

"A cause of action arising out of an injury to the person dies with the person of either party, except in cases in which an action is given for an injury causing the death of any person, and actions for seduction, false imprisonment and malicious prosecution."

Appellee says that these two sections must be construed together and in connection with other sections that shed some light thereon.

Strange as it may seem, and in face of the fact that both of these sections have been part of our law at least since the Code of 1852, section 307 has never been before the courts for construction under the contentions advanced here, so far as the reports show. In spite of the fact that the courts and bar of this state have consistently supposed the law to be that the "wrong dies with the wrongdoer" the why of it in the face of §307 has never been written.

Section 307, Burns Revised Statutes 1926, was section 300 in the Revised Statutes of 1914 and 1908, section 299 in the Revised Statutes of 1901 and 1894, section 298 in the Revised Statutes of 1881, section 44, Chapter 38 of the Acts of 1881, and section 217, Volume 2, in the Revised Statutes, 1852.

Section 290, Burns Revised Statutes 1926, was section 283 in the Revised Statutes of 1914, 1908, 1901 and 1894, section 282 in the Revised Statutes of 1881, section 6, Chapter 38 of the Acts of 1881, and section 782, Volume 2, in the Revised Statutes of 1852.

Section 307 was part of the Code of 1852 exactly as we find it today. Section 290 is a combination of a reiteration of the common law and a statutory grant of three new rights of action and a recognition of the death statute. The wording of the statute has caused many to say that actions for seduction, false imprisonment and malicious prosecution survive. With due regard to the English language that can not be as the

legislature by its action gave three new and distinct rights of action unknown to the common or statutory law, and recognized what we know as the death by wrongful act statute.

Since the matter before us is not seduction, false imprisonment or malicious prosecution, or death by wrongful act, we will concern ourselves only with the statutory enactment of the common law. That is, "A cause of action arising out of an injury to the person dies with the person of either party."

To fully understand the intent of this section the preceding and succeeding sections must be digested. Sec. 289 (§48, Baldwin's), says: *"In all cases where actions survive,* they may be commenced by or against the representative of the deceased to whom the interest of the subject matter of the action has passed." (Our italics.) From that language it is clear that the legislature intended that certain actions should "survive." Then there is specifically written a clause which says that "a cause of action arising out of an injury to the person dies with the person of either party" *except* certain ones, naming four.

Then comes Section 291 (§50 Baldwin's), which says that "All other causes of action survive" and another exception "except actions for promises to marry."

It seems that we are bound by the legislative interpretation given these sections. Originally what is now section 290 did not contain the exception relative to malicious prosecution. This was added in 1881 and clearly shows that the legislature knew that section 307 was not a general survival statute (as contended by appellant here) or there would have been no necessity for adding it. Thus we see that the legislature of 1881, by the addition of the words "and malicious prosecution" clearly and beyond all doubt recognized that there was no general survival of all actions under §307.

Section 293, Burns Ann. Stat. 1926 (§52, Baldwin's Ind. Ann. Stat. 1934), provides for the survival of claims for personal injuries where a party plaintiff having obtained a judgment dies pending an appeal. This section providing for a limited survival, was enacted by the legislature in 1897, and is another legislative construction that §307, Burns Ann. Stat. 1926, does not provide for a survival of all personal injury actions, for otherwise the legislature would have been doing a useless and purposeless act by passing a law for a limited survival of personal injury actions when there was already a statute in existence providing for an unlimited survival of such actions.

Where two statutes are apparently inconsistent and passed at the same session of the legislature, the one dealing with the common subject in a more minute way will prevail over the one of a more general character. These two statutes were passed in 1852. Granting for the purposes of illustration that §307 is a general survival statute as contended, the most that can be said for it is that it is a general statute. Section 290 and the related statutes are more specific and deal with the common subject in a more minute way and must therefore govern.

Statutes relating to the same subject matter and enacted at the same session of the legislature must be construed to give effect to each rather than to infer that one destroys the other. This can be done in this case. The construction put upon the acts themselves by later legislatures shows that both acts can stand but that the construction to be put upon section 307 is not as the appellant here contends.

It is interesting to note that §307, Burns Ann. St. 1926, was originally passed in 1852 as a part of an act entitled, "An Act to revise, simplify and abridge the rules, practices, pleadings and forms in civil cases in

the courts of this State." This same statute is found in the Revised Statutes of the State of Indiana of 1852, as Section 217 of Article 12. Particular notice should be taken that Article 12 deals solely with limitations of civil actions, and Section 217 is a portion of this article. At a special session of the legislature in 1881, the same statute was re-enacted as Section 44 of an act entitled, "An Act concerning proceedings in Civil Cases." This act was entitled, "Death of the Party; Extension of Limitation," and appears under the general heading of Limitation of Civil Actions, which said section appears on page 247 of the Acts of 1881 (Regular and Special).

The legislature had only one intention at the time this act was originally passed, and the legislators who re-enacted this section of the statute had the same intention, namely: to pass the act extending the time of limitation for an action after the death of any person.

Further examination of the Revised Statutes of 1852 reveals that what is now Section 290 was also passed at the same time. This statute is found under title of Section 782, being a portion of Article 46 appearing on page 204 of the Revised Statutes of 1852, entitled, "Causes of Action that Survive." This section and section 290 of Burns Ann. St. 1926 are identical, with this exception. In 1881, when this section was re-enacted, the legislators saw fit to insert the words "and malicious prosecution," which would, of course, only tend to extend and cause actions of this nature to survive.

If it should be granted that all our reasoning heretofore is fallacious, still the very words of §307 defeat the appellant's contention.

Appellant contends that Jones died before the expiration of the time limited. This is not true. The death was the limit of that time as expressly set out in §290.

Jones did not die before the *expiration* of the time

limited for the action. He died simultaneously with the expiration of that time. That was the statute of limitation so far as that right of action was concerned. The right of action for injuries therefore died with Jones. The time limited for bringing actions for personal injuries is the death of either party.

If a person is injured by the wrongful act or negligence of another he may sue the party responsible for the injury at any time before the expiration of two years, providing such person does not die before that time. In other words, the statutes limit the time for bringing such action to the life of the tortfeasor but in no event for a longer time than two years after the date of the injury.

If Stuckey, as a result of the injuries received, had died before the expiration of two years from the date of the injury, his right of action for the injuries he suffered would have died with him, but his personal representative could have sued Jones under §292, had he (Jones) lived, within two years from the date of death.

Our conclusion is that the demurrer was properly sustained and the action of the Henry Circuit Court is in all things affirmed and it is so ordered.