ONWARD CORPORATION AND EDDY L. HINES *v*. THE NATIONAL CITY BANK OF EVANSVILLE, PERSONAL REPRESENTATIVE OF THE ESTATE OF JOHN P. HANCOCK, DECEASED, THE NATIONAL CITY BANK OF EVANSVILLE, PERSONAL REPRESENTATIVE OF THE ESTATE OF LEONA B. HANCOCK, DECEASED.

[No. 572A219. Filed January 29, 1973. Rehearing denied March 1, 1973. Transfer denied October 3, 1973.]

*Geoffrey Segar, G. Daniel Kelley, Jr., Ice Miller Donadio & Ryan*, of counsel, of Indianapolis, *Allen Fitzpatrick Chambers & Waller*, of Washington, for appellant.

*Early, Arnold & Ziemer*, of Evansville, for appellees.

LYBROOK, J.—This appeal arises from a wrongful death action wherein Plaintiff-Appellee, National City Bank of Evansville, Personal Representative of the Estates of John P. and Leona B. Hancock, decedents (Hancock) recovered damages in the amount of $31,158.40, from Defendants-Appellants, Onward Corporation and Eddy L. Hines, (Onward).

Separate wrongful death actions were filed by the appellee bank. Since neither decedent left a surviving spouse, dependant child or dependant next of kin, the actions were brought for the benefit of the "death creditor beneficiaries", to recover damages pursuant to the wrongful death statute.

The causes were consolidated for trial and the parties thereupon entered into a Stipulation under the terms of which liability was admitted by appellants, a jury trial was waived, and the causes were submitted to the court for trial, solely upon the issue of damages.

Before entering judgment, the trial court made findings of fact and conclusions of law, *inter alia,* including in the award of damages, the total costs and expenses of administering the entire estates. The pertinent findings were:

"7.  That the plaintiff as the Personal Representative of the Estate of John P. Hancock [and Leona B. Hancock, decedents] is entitled to the necessary and reasonable costs and expenses of administering the entire estate of said decedent and of prosecuting this action, including a reasonable attorneys' fee."

\* \* \*

"2. That pursuant to Ind. Ann. Stat. Sec. 2-404 (1967) plaintiffs are entitled to recover the total necessary and reasonable costs and expenses of administering the entire estates of John P. Hancock and Leona B. Hancock, deceased, and of prosecuting this action, including a reasonable attorneys' fee."

The sole issue, as succinctly phrased by appellants in their brief, is:

". . . whether in a wrongful death action for the benefit of the death creditor beneficiaries, the total costs and expenses of administering the entire general estate of a decedent are proper elements of damages, as opposed to limiting the same to the costs and expenses of administration related to the bringing of the wrongful death action."

The Indiana Wrongful Death Statute, IC 1971, 34-1-1-2; Ind. Ann. Stat. § 2-404 (Burns 1967) reads as follows:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission. When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two [2] years, and the damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall, subject to the provisions of this act, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased. If such decedent depart this life leaving no such widow or widower, or dependent children or dependent next of kin, surviving her or him, the damages inure to the exclusive benefit of the person or persons furnishing necessary and reasonable

hospitalization or hospital services in connection with the last illness or injury of the decedent, performing necessary and reasonable medical or surgical services in connection with the last illness or injury of the decedent, to the undertaker for the necessary and reasonable funeral and burial expenses, and to the personal representative, as such, for the necessary and reasonable costs and expenses of administering the estate and prosecuting or compromising the action, including a reasonable attorney's fee, and in case of a death under such circumstances, and when such decedent leaves no such widow, widower, or dependent children, or dependent next of kin, surviving him or her, the measure of damages to be recovered shall be the total of the necessary and reasonable value of such hospitalization or hospital service, medical and surgical services, such funeral expenses, and such costs and expenses of administration, including attorney fees."

Onward contends that to allow recovery of the total costs would be an absurdity, not intended by the Legislature, maintaining that this could create situations wherein the "death creditor beneficiaries" would recover greater damages than a surviving spouse or dependent.

Appellant further maintains that the statute limits recovery to pecuniary damages and therefore only the expenses incurred "as a direct result" of the wrongful death (i.e. only that portion of the administration expenses related directly to the wrongful death action itself) are recoverable. It argues that the expenses of administering the general estate are always incurred, regardless of the cause of death and therefore should not be recoverable.

Appellant further argues that the doctrines of strict construction and *ejusdem generis* require a holding that the statute so limits the recovery.

Hancock asserts that the language of the wrongful death statute must be read in its ordinary and usual meaning and that rules of statutory construction apply only where the statute is ambiguous. Hancock further contends that both the common and legal definitions of the terms "administra-

tion" and "estate" are readily ascertainable by reference to Webster's Dictionary and Black's Law Dictionary.

In the construction of statutes, we are governed by IC 1971, 1-1-4-1; Ind. Ann. Stat. § 1-201 (Burns 1967), which provides, in pertinent part, as follows:

> "The construction of all statutes of this state shall be by the following rules, unless such construction be plainly repugnant to the intent of the legislature or of the context of the same statute:

> First. Words and phrases shall be taken in their plain, or ordinary and usual, sense. But technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import."

Indiana case law is in harmony with the above. In *Meade Electric Co.* v. *Hagberg* (1959), 129 Ind. App. 631, 159 N.E. 2d 408, this court, quoting a Pennsylvania case with approval, said:

> " 'We think it is always unsafe to depart from the plain and literal meaning of the words contained in legislative enactments out of deference to some supposed intent, or absence of intent, which would prevent the application of the words actually used to a given subject. Such a practice is really substituting the theories of a court, which may, and often do, vary with the personality of the individuals who compose it, in place of the express words of the law as enacted by the law making power. It is a practice to be avoided. It has been condemned by many text-writers and by many courts. Occasionally it has been departed from, but the path is a devious and a dangerous one, which ought never to be trodden, except upon considerations of the most convincing character and the gravest moment.' "

In a more recent case, *Grody* v. *State* (1972), 257 Ind. 651, 278 N.E.2d 280, our Supreme Court held that where a statute is plain and unambiguous, there is no need for construction, and the plain meaning must be given the statute.

The language of Indiana's wrongful death statute is clear. We therefore need not apply the doctrines of *ejusdem generis* or strict construction.

Did the Legislature intend, as appellant maintains, to limit recovery of damages to that portion of the expenses relating to "prosecuting or compromising the action"?

The exact language of the statute provides for recovery of the "necessary and reasonable costs and expenses of administering the estate *and* prosecuting or compromising the action . . ." [Emphasis supplied.]

The above provision is stated in the conjunctive. Consequently, the statute allows recovery of the costs incurred in *both* administering the general estate *and* prosecuting the wrongful death action.

Appellant further argues that recovery for the total costs should not be allowed because any general estate to be administered, will be administered whether the death of the decedent was due to a wrongful act or natural causes.

Appellee, however, reminds us that the same logic may be applied to recovery of funeral expenses, because funeral expenses also will almost inevitably be incurred, regardless of the cause of death. The statute clearly states that funeral expenses are recoverable by the "death creditor beneficiaries".

This is a question of first impression in Indiana. Each party has cited case law from other jurisdictions. However, due to differences in statutory language, these authorities are not decisive.

Indiana's wrongful death statute clearly provides for recovery by the "death creditor beneficiaries" of the entire expenses of administration.

Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.