Brian D. THOMAS, Defendant-Appellant,
v.

Jane EADS, as Administratrix of the Estate of Nathan Charles Titus, Deceased and Jane Eads, as Administratrix of the Estate of Debra Jane Titus, Deceased, Plaintiffs-Appellees.

No. 1-1079 A 288.

Court of Appeals of Indiana,
First District.

Feb. 5, 1980.

Rehearing Denied March 13, 1980.

NEAL, Judge.

On October 2, 1978, an automobile driven by defendant-appellant Brian D. Thomas collided with an automobile in which Debra Jane Titus and her infant son, Nathan Charles Titus, were passengers. Debra had no husband and Nathan was her only dependent. The collision caused the immediate death of Debra and the death of Nathan one-half hour later. Plaintiff-appellee Jane Eads, as administratrix of the estates of Debra and Nathan, brought suit to recover damages under the Wrongful Death Statute, Ind.Code 34–1–1–2.

Thomas filed a motion for partial summary judgment seeking to limit recovery of damages, if any, by each estate to reasonable medical, hospital, funeral and burial expenses related to the injury and death, plus the reasonable costs of administering the estate including reasonable attorney's fees. The Bartholomew Circuit Court granted partial summary judgment as to the estate of Nathan, and Eads as administratrix of the estate did not appeal.[1] The court denied partial summary judgment as to the estate of Debra, and Thomas perfected this appeal pursuant to Ind.Rules of Procedure, Appellate Rule 4(B)(5), raising one issue for our review:

> Whether the trial court erred in denying defendant's motion for partial summary judgment to limit the estate of Debra Jane Titus to recovering as damages, if any, only an amount equal to the reasonable medical, hospital, funeral and burial expenses related to Debra's injury and death and the reasonable cost of administering her estate including reasonable attorney's fees, where Debra was not survived by a spouse and her only dependent, her son, died one-half hour after her death.

The resolution of the issue raised in this appeal depends upon the legislative intent embodied in the following emphasized language in the present Wrongful Death Statute, Ind.Code 34–1–1–2:

> damages only to the extent of "reasonable furneral [sic], hospital, burial, medical and administration fees of his estate."

John T. Sharpnack, James F. Rosner, Sharpnack, Bigley, David & Rumple, Columbus, for defendant-appellant.

Richard Lorenz, Hickam & Hickam, Spencer, for plaintiffs-appellees.

---

1. A fair reading of the amended complaint for wrongful death filed by Eads as administratrix of the estate of Nathan shows that Eads sought

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission. When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years, and the damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall, subject to the provisions of this act, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased. *If such decedent depart this life leaving no such widow or widower, or dependent children or dependent next of kin, surviving her or him,* the damages inure to the exclusive benefit of the person or persons furnishing necessary and reasonable hospitalization or hospital services in connection with the last illness or injury of the decedent, performing necessary and reasonable medical or surgical services in connection with the last illness or injury of the decedent, to the undertaker for the necessary and reasonable funeral and burial expenses, and to the personal representative, as such, for the necessary and reasonable costs and expenses of administering the estate and prosecuting or compromising the action, including a reasonable attorney's fee, and in case of a death under such circumstances, and *when such decedent leaves*

*no such widow, widower, or dependent children, or dependent next of kin, surviving him or her, the measure of damages to be recovered shall be the total of the necessary and reasonable value of such hospitalization or hospital service, medical and surgical services, such funeral expenses, and such costs and expenses of administration, including attorney fees.*" (Emphasis added.)

Eads argues that Debra died leaving a dependent child surviving her because Nathan did not die until one-half hour after Debra's death, and that, as a consequence, recovery by Eads as personal representative of Debra's estate is not subject to the limitation on recovery found in the emphasized final portion of the statute. Thomas argues that, because Nathan died prior to the commencement of the action for the wrongful death of Debra, he did not survive Debra in the sense intended by the legislature, and that, as a consequence, recovery by Eads as personal representative of Debra's estate is subject to the limitation on recovery. Based on prior judicial decisions, we agree with Thomas and reverse the trial court's denial of partial summary judgment as to Debra's estate.

■ The right to maintain an action for damages for wrongful death did not exist at common law, and such right is purely statutory. *White, Admx. v. Allman,* (1952) 122 Ind.App. 208, 103 N.E.2d 901. The Wrongful Death Statute, being in derogation of the common law, must be strictly construed. *Thornburg v. American Strawboard Co.* (1895) 141 Ind. 443, 40 N.E. 1062.

As originally enacted, the Wrongful Death Statute read as follows:

"Where the death of one is caused by the wrongful act or omission of another, the personal representatives of the former, may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars,

and must inure to the exclusive benefit of the widow and the children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

Acts 1881 (Spec.Sess.) ch. 38, § 8, p. 240.

In *Dillier, Admx. v. Cleveland, Cincinnati, Chicago & St. Louis Railway Co.,* (1904) 34 Ind.App. 52, 72 N.E. 271, a widow became administratrix of her late husband's estate and instituted an action against the railroad for wrongfully causing his death. She died during the pendency of the suit; Dillier became administratrix, was substituted as plaintiff, and filed an amended complaint alleging the decedent was survived at the time of his death by the widow and three dependent brothers. The jury in answer to interrogatories found that the widow was the decedent's only dependent at the time of his death and returned a general verdict for the plaintiff. The trial court entered judgment for the railroad, notwithstanding the verdict, which judgment was affirmed on appeal.

The Appellate Court of Indiana interpreted the language of the Wrongful Death Statute[2] and determined that the persons contemplated by the statute as beneficiaries were persons who were dependent upon the decedent or entitled to anticipate pecuniary benefit from the continuance of his life. The court said, in 34 Ind.App. at 57, 72 N.E. at 273:

> "*Unless at the commencement of the action, and also at the time of awarding the damages* there be living some person or persons of whom it can be said that the law implied damage from the death of plaintiff's decedent, or who, being next of kin to him, may be said to have suffered pecuniary loss through his death, there can be no recovery under the statute." (Emphasis added.)

The court found that upon the death of the widow, there was no person for whose benefit the action could properly be maintained, and held, at 61, 72 N.E. at 274:

> "[T]he action . . . is not maintainable for any purpose after the death of all persons for whose exclusive benefit . . the right of action accrued upon the death of the injured person, whether the death of such beneficiaries be before [the] action [is] brought . . . or during its pendency." (Insertions added.)

In 1933, the legislature amended the Wrongful Death Statute, leaving intact the language that the damages must inure to the *exclusive* benefit of "the widow and the children, if any, or next of kin," but adding that the distribution of damages would be subject to a new proviso as follows:

> "*Provided, however* [original emphasis], *That if such decedent departs this life leaving no such widow or widower, or dependent children or dependent next of kin, surviving her or him,* such personal representative may nevertheless maintain such action and the damages, in such event, shall inure to the exclusive benefit of the person or persons furnishing hospitalization or hospital services in connection with the last illness or injury of decedent not exceeding two hundred dollars, performing medical or surgical services in connection with the last illness or injury of the decedent not exceeding one hundred dollars; to the undertaker for the funeral and burial expenses, not exceeding three hundred dollars, and to the personal representative, as such, for the cost and expenses of administering the estate and prosecuting or compromising the action, including a reasonable attorney's fee, not exceeding two hundred and fifty dollars; and in case of a death under such circumstances, and *when such decedent leaves no such widow, widower, or dependent children, or dependent next of kin, surviving him or her,* the measure of damages to be recovered shall be the total of the reasonable value of such hospitalization of [or] hospital service, medical and surgical services, such funeral expenses, and such costs and expenses of administration, including attorney fees,

---

2. *Dillier, Admx.* came after an 1889 amendment to the 1881 statute but the amendment was irrelevant to the issue in *Dillier* and to the issue in the case at bar.

not exceeding the total amount of eight hundred and fifty dollars; *Provided, however* [original emphasis], That this act shall not in any way limit or lessen the liability or right of recovery under the law as it now exists before the passage of this act." (Emphasis added.)

Acts 1933, ch. 112, § 1, p. 708.

Thus, the legislature expressly added to the proviso the requirement of dependency in relation to the decedent's children and next of kin, the requirement which was found implied in the original statute by the court in *Dillier, Admx., supra.*

Following this amendment, in *Shipley, Admr. v. Daly,* (1939) 106 Ind.App. 443, 20 N.E.2d 653, the decedent died leaving a widow, and the administrator of the decedent's estate instituted a wrongful death action to recover damages for the benefit of the widow. The widow died during the pendency of the suit and the administrator amended his complaint to recover the hospital, medical, funeral and estate administration expenses upon the husband's last illness and death under the above quoted proviso.

Strictly construing the original language of the statute and the effect of the amendatory proviso, the court found that all right of recovery terminated with the death of the widow, disallowing even recovery under the proviso for the benefit of the "death creditor beneficiaries." [3] The court interpreted the statute as establishing three classes of beneficiaries in descending order of priority: 1) widows and dependent children, if any; 2) dependent next of kin; and 3) death creditor beneficiaries. The court reasoned that the right of recovery accrued at the time of the decedent's death and inured for the benefit of those with the highest priority at that time, and that, once accrued, the right did not pass upon the

death of those beneficiaries to the next class of beneficiaries in terms of priority. Since the wife died before trial, no action for wrongful death could be maintained. The court cited *Dillier, Admx., supra,* in support of its result.

The statute remained substantially as it existed subsequent to the 1933 amendment, except for 1937, 1949, 1951 and 1957 increases in the limits of recovery, until 1965 when the language was substantially revised and the statute took its present form, *supra.* Retained is the requirement that children and next of kin be dependent to recover damages for the decedent's wrongful death. The personal representative remains the only person authorized to bring the action and he continues to do so as a trustee for those entitled to the damages arising from such action. *Pettibone v. Moore,* (1945) 223 Ind. 232, 59 N.E.2d 114. The statutory provisions spelling out recoverable damages are extensively revised, however. These provisions start with the basic proposition that the damages recoverable by the personal representative are to include, but not be limited to, reasonable medical, hospital, funeral and burial expenses as well as the lost earnings of the decedent,[4] with the damages recovered for medical, hospital, funeral and burial expenses to inure to the *exclusive* benefit of the decedent's estate for the payment of such expenses of decedent's last illness and death.[5] The remainder of the damages, and we emphasize that the statute says "if any", are to inure to the *exclusive* benefit of the widow or widower and to the dependent children, if any, or the dependent next of kin. The statute's use of the term "if any" is then explained by the provisions which state that should the decedent leave no surviving widow or widower, dependent

---

3. *Onward Corp. v. National City Bank of Evansville,* (1973) 155 Ind.App. 147, 290 N.E.2d 797.

4. Because the list of recoverable damages is expressly illustrative and not exclusive, we interpret the statute to allow in every case the recovery of the reasonable costs of administering decedent's estate and prosecuting or compromising the action, including attorney's fees.

5. We also believe that the intent of the legislature is that any damages recovered for the costs of administering the decedent's estate or prosecuting or compromising the action are to inure to the exclusive benefit of the estate for the payment of such costs.

children, or dependent next of kin: 1) all damages inure to the exclusive benefit of the death creditor beneficiaries, including the estate; and 2) such damages are limited to the specified costs and expenses of the decedent's last illness and death.

We agree with Thomas that this revision of the statute would do away with the result reached in *Shipley, Admr., supra,* and would allow recovery by the death creditor beneficiaries regardless of whether the last qualified dependent beneficiary died during the pendency of the action.

 It has long been held in Indiana that when a court interprets a statute and the legislature fails to take action to change that interpretation, the legislature is presumed to have acquiesced in the court's interpretation. *See King v. Harris et al.,* (1965) 140 Ind.App. 9, 212 N.E2d 387; and *Loeb et al. v. Mathis,* (1871) 37 Ind. 306. When a statute has undergone several amendments, the latest is deemed to embody previous construction by a court unless a contrary intent is manifest. *Vandalia Railroad Co. v. Mizer,* (1916) 184 Ind. 680, 112 N.E. 522. Indiana's Wrongful Death Statute has been amended numerous times, and the legislature has never taken any action to vary the holding of *Dillier, Admx., supra.* If the legislature had intended to amend the statute to prohibit the abatement of the right of recovery on behalf of deceased dependent beneficiaries, it could have easily done so. At the time of the 1965 amendment, there were Indiana decisions dating back more than 50 years which held that if a beneficiary died prior to judgment being entered, the personal representative could not recover on behalf of that beneficiary.

 Policy considerations also support the prior judicial constructions of the Wrongful Death Statute. Wrongful death damages do not become a part of the decedent's estate and are not subject to the claims of decedent's creditors. *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co. v. Reed, Admr.,* (1909) 44 Ind.App. 635, 88 N.E. 1080. The clear policy in Indiana as expressed in the decisions and statutes is

that recovery of damages in wrongful death actions is only for the purpose of compensating for the pecuniary loss of a surviving spouse or dependent caused by the death of the decedent and to reimburse death creditor beneficiaries. Nathan was the only dependent of Debra, and Nathan is dead. There is no other statutory beneficiary who is entitled to receive the benefit of Debra's lost earnings. According to the Wrongful Death Statute only a dependent is entitled to lost earnings. If the appellee were allowed to recover those damages which are intended to benefit dependents, those damages would be paid to persons not contemplated by the Wrongful Death Statute, summary judgment, contrary to the intent of the legislature. Therefore, policy dictates that the claim for those damages ends with the death of the dependent prior to judgment. The purpose of the Wrongful Death Statute is to provide for dependents, not to punish someone who causes a wrongful death. To allow damages which would not go to a dependent who has suffered pecuniary loss from the death of a decedent would not serve the purpose of the statute, but would serve only to punish the appellant.

 We, therefore, find error in the following conclusion of law entered by the trial court:

"That because no trial of a death action was had before the departing of this life by Nathan Charles Titus, an issue arises as to the abatement of said child's right of recovery under the rule in *Shipley v. Daly* (1939), 106 Ind.App. 443, 20 N.E.2d 653, or the survival thereof under I.C. 34–1–1–1 and I.C. 34–1–2–7 of such right as vested in his personal representative, which issue this Court now finds should be resolved in favor of survival of an action under the statutes rather than the abatement of same in accordance with a prior judicial construction, the survival of action statute and the wrongful death statute having each been subject to legislative review and amendment on several occasions following the *Shipley* decision."

The cause of action under Ind.Code 34–1–1–2 does not abate upon Nathan's death but

recovery is limited as discussed, *supra.* Ind. Code 34–1–1–1, the general survival of actions statute,[6] does not apply to the case at bar because Nathan had no common law right of action for the wrongful death of his mother, *White, Admx., supra,* and since under the statute only the personal representative of his mother's estate has a right to bring an action for her death, Nathan had no action which was capable of surviving, Ind.Code 34–1–2–7[7] likewise does not apply because it is not a survival statute but rather a statute of limitations. *Stuckey v. Stanley, Admr.,* (1933) 97 Ind.App. 341, 184 N.E. 300.

The judgment of the trial court is reversed and remanded with instructions to enter partial summary judgment for the appellant not inconsistent with this opinion.

Reversed and remanded.

ROBERTSON, P. J., and RATLIFF, J., concur.

6. "All causes of action shall survive, and may be brought, notwithstanding the death of the person entitled or liable to such action, by or against the representative of the deceased party, except actions for personal injuries to the deceased party, which shall survive only to the extent provided herein. Any action contemplated in this section or in section 6 of this act may be brought, or the court, on motion, may allow the action to be continued, by or against the legal representatives or successors in interest of the deceased. Every such action shall be deemed to be a continued action, and therefore accrued to such representatives or successors at the time it would have accrued to the deceased if he had survived. If any such action is continued against the legal representatives or successors of the defendant, a notice shall be served on him as in the case of an original notice. If any action has been commenced against the decedent prior to his death, the same shall continue by substituting his personal representatives as in other actions surviving the defendant's death; in event the action be brought subsequent to the death of the party against whom the cause existed, then the same shall be prosecuted as other claims against said decedent's estate. Provided, however, That when a person receives personal injuries caused by the wrongful act or omission of another and thereafter dies from causes other than said personal injuries so received, the personal representative of the person so injured may maintain an action against the wrongdoer to recover damages resulting from such injuries, if the person so injured might have maintained such action, had he or she lived; but Provided further, That the personal representative of said injured person shall be permitted to recover only the reasonable medical, hospital and nursing expense and loss of income of said injured person, resulting from such injury, from the date of the injury to the date of his death."

7. "If any person entitled to bring, or liable to, any action, shall die before the expiration of the time limited for the action, the cause of action shall survive to or against his representatives, and may be brought at any time after the expiration of the time limited within eighteen [18] months after the death of such person."