**Randall A. MEHLER, Sr., Plaintiff,**

v.

**Charles L. BENNETT United Communications, Inc., Defendants.**

**No. EV 82–310–C.**

United States District Court,
S.D. Indiana,
Evansville Division.

March 8, 1984.

---

Lawrence J. Schad, New Albany, Ind., Thomas C. Carroll, Louisville, Ky., for plaintiff.

Robert H. Hahn, Evansville, Ind., for defendants.

## MEMORANDUM ENTRY

BROOKS, District Judge.

Plaintiff, Randall A. Mehler, Sr., brought this suit in his capacity as personal representative seeking damages on behalf of himself and his wife, Helen Mehler, as dependent next of kin for the wrongful death of their son Randall A. Mehler, Jr. Defendants have filed a motion for partial summary judgment on the issue of whether the parents of the decedent are dependent next of kin within the meaning of the Indiana Wrongful Death Statute. Indiana Code § 34–1–1–2. Resolution of this issue will of necessity require a brief summary of the facts of the case.

Randall A. Mehler, Jr. died as a result of an automobile accident in October 1981, leaving as his sole survivors his parents Randall A. Mehler, Sr., and Helen Mehler (hereinafter Mehlers), two adult married sisters, and an adult brother. At the time of his death decedent was twenty-seven (27) years old and resided in Morganfield, Kentucky where he was employed by the Mo-Vac Corporation as plant manager. Mo-Vac Corporation, although it has a number of shareholders, is primarily a family owned business with Mehler Sr. owning approximately 44–46% of the outstanding stock as well as being president of the corporation.

During the approximately five and one-half (5½) years that decedent worked and resided in Morganfield, Kentucky he lived rent free in a home which had been purchased and furnished by his parents and which according to Mehler Sr. is valued (including furniture) at between Ninety and Ninety Five Thousand Dollars ($90–95,-000.00). In addition to purchasing the home and furnishings, decedent's parents also paid the taxes and all utilities on the

property with the exception of the telephone bills. Decedent purchased food items, took care of the yardwork, and performed incidental maintenance chores on the property. Although the Mehlers would on occasion stay at the Morganfield home, their principal place of residence is in Louisville, Kentucky.

According to the deposition of Mehler, Sr., decedent's earnings were spent primarily for personal needs with the balance saved or invested, and at the time of decedent's death his assets were valued at in excess of Twenty Thousand Dollars ($20,-000.00). At about the same time Mehler, Sr.'s net worth was in excess of Five Hundred Thousand Dollars ($500,000.00). Decedent's tax return for calendar years 1980 and 1981 showed no claim for exemption for dependents, and it is undisputed that decedent neither made direct financial contributions to his parents (except for ordinary and usual gifts) or that the Mehlers required financial assistance of any kind.

Plaintiff argues that, based upon the authority of *Lustick v. Hall,* 403 N.E.2d 1128 (Ind.App.1980) and notwithstanding the absence of evidence pointing to financial need on the part of decedent's parents, the Mehlers still may be considered dependent next of kin since they were *partially* dependent upon decedent. Plaintiff in support of this argument relies upon the following propositions:

(1) That decedent was a key employee of Mo-Vac Corporation upon whom the success of the corporation depended.

(2) That Mehler Sr. was concurrently reducing his active participation in the corporation and increasing decedent's role in the corporation's activities.

(3) That decedent's death has, and will continue to adversely affect the operation and profitability of the corporation.

(4) That the death of decedent has adversely affected Mehler Sr.'s. plans to gradually terminate his active participation in the corporation, and further has been and will continue to be financially disasterous for the Mehlers due to the reduced profitability of the corporation.

In essence then, what plaintiff is claiming is that the successful operation and future profitability of the corporation were dependent upon the decedent, and that the Mehler's plans for Mehler Sr's. semi-retirement and their own future financial well-being were dependent upon the successful operation of the corporation of which they own a large portion of the stock. Therefore, according to plaintiff's view, the Mehlers were dependent upon the decedent within the meaning of Indiana Code § 34–1–1–2 and are entitled to recover for the pecuniary loss resulting from the death of the decedent, because decedent performed services for the corporation from which the Mehlers derive economic benefit.

Indiana Code Section 34–1–1–2 provides in pertinent part that:

When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter... The remainder of the damages, if any, shall ... inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin ... If such decedent depart this life leaving no such ... dependent next of kin, surviving her or him, the damages inure to the exclusive benefit of ... the undertaker for the necessary and reasonable funeral and burial expenses, and to the personal representative, as such, for the necessary and reasonable costs and expenses of administering the estate and prosecuting or compromising the action, including a reasonable attorney's fee, and in case of a death under such circumstances, and when such decedent leaves no such ... dependent next of kin, surviving him or her, the measure of damages to be recovered shall be the total of the necessary and reasonable value of such ... funeral expenses, and such costs and expenses of administration, including attorney fees.

The right to maintain an action for wrongful death arises purely from the statute itself and did not exist at common law. *Thomas v. Eads,* 400 N.E.2d 778 (Ind.App. 1980); *White, Admx. v. Allman,* 122 Ind. App. 208, 103 N.E.2d 901 (1952). Courts have thus found that the statute, being in derogation of the common law, must be strictly construed. *Thomas v. Eads, supra; Cunningham v. Werntz,* 303 F.2d 612 (7th Cir.1962). And it is clear that the purpose of the statute is not to compensate for the injury to the decedent but rather to create a cause of action to provide a means by which the decedent's spouse or dependents may be compensated for the loss they have sustained by reason of the death. *Fisk v. United States,* 657 F.2d 167 (7th Cir.1981). Nor is the statute designed to punish someone who has caused a wrongful death. *Thomas v. Eads, supra.*

■ In order to establish dependency when dependent next of kin are the beneficial claimants, it is necessary to show a need or necessity for support on the part of those persons alleged to be dependent, coupled with an actual contribution of such support by the decedent. *Koger v. Reid,* 417 N.E.2d 1142 (Ind.App.1981). In the case *sub judice* plaintiff argues that the above is satisfied by the dependency of the Mehlers upon the corporation for their support and livelihood and their dependency upon the decedent's services in successfully managing and operating the corporation.

■ While there is no doubt that the performance of services, as opposed to monetary contributions, for the beneficial claimants may be sufficient to show that the decedent was contributing support, *Lustick v. Hall, supra,* the Court has been unable to find a case in which the rendering of services by the decedent to a third person, which may in some manner benefit the claimant, has been found to constitute a contribution of support to the beneficial claimant. Here decedent's services inured directly to the benefit of the corporation. If as a result of decedent's skill and expertise the corporation was successful, the Mehlers would undoubtably benefit due to their extensive stock holdings in the corporation. However, so would the approximately forty-five (45) other shareholders. The Court, is therefore of the opinion that the services rendered by decedent to the corporation are not sufficient to constitute an actual contribution of services for support to the beneficial claimants herein.

■ Nor is the Court of the opinion that plaintiff has shown a need or necessity for support by the decedent on the part of the Mehlers. At the time of the decedent's death Mehler Sr's. net worth was approximately twenty-five (25) times that of the decedent. The Mehlers owned the home in which decedent lived, paid all the taxes, and practically all of the utilities on that home. Although plaintiff argues that the Mehlers were dependent upon the profitability of the corporation for their support, it appears to the Court that the Mehlers had substantial assets as well as income in the form of interests and dividends from other sources. Thus, although plaintiff has characterized the Mehlers as having a need or necessity for support so as to make them dependent upon the decedent, it would appear that any such "need or necessity" is more properly viewed as an "expectation".

The Mehlers clearly expected, as a result of the decedent's activity in the corporation, that the venture would be financially beneficial to them, as well as allowing Mehler Sr. to reduce or eliminate his active participation in the corporation. And in a very real sense, the Mehlers were depending upon the decedent to continue the successful operation of the corporation. But to find, as plaintiff would have this court do, that the Mehlers were "dependent next of kin" within the meaning of Indiana Code § 34–1–1–2 would be to extend the coverage of the statute beyond what was contemplated by either the legislature or the courts which have interpreted the statute.

With regard to plaintiff's argument that the Mehlers were dependent upon decedent for the maintenance of the residence in Morganfield, Kentucky, little need be said. The depositions of the Mehlers clearly reveal that decedent did little more than pur-

chase food for himself, and perhaps for the Mehlers on those occasions when they stayed in Morganfield, and took care of routine maintenance on the home. All other incidents of what is normally considered home ownership were taken care of by the Mehlers, who primarily resided in Louisville, Kentucky. Thus, it cannot be seriously maintained that the Mehlers had a need or necessity for support by the decedent in this regard.

While the Court is sympathetic to the disruptive effect that their son's death undoubtably had upon the lives, plans and expectations of Mr. and Mrs. Mehler and possibly the corporation itself, the Court is not of the opinion that based upon the facts of this case that the Mehlers qualify as dependent next of kin under the Indiana Wrongful Death Statute. Therefore the motion of the defendants Charles L. Bennett and United Communications, Inc. for partial summary judgment on the issue of whether the Mehlers are dependent next of kin under Indiana Code Section 34–1–1–2 is hereby GRANTED.