Marie E. **HEINHOLD**, as Executrix of
the Estate of Raymond F.
Heinhold, Plaintiff,

v.

**BISHOP MOTOR EXPRESS, INC.** and
William A. Kitchen, Defendants.

Civ. No. 86–377.

United States District Court,
N.D. Indiana,
Hammond Division.

May 19, 1987.

Kirk Kitizinger, Townsend, Yosha, Cline & Price, Merrillville, Ind., for plaintiff.

Kenneth E. Nowak, Whitted & Buoscio, Merrillville, Ind., for defendants.

## ORDER

MOODY, District Judge.

This matter is before the court on a Motion for Partial Summary Judgment filed on March 3, 1987 by defendants Bishop Motor Express, Inc. and William A. Kitchen. Plaintiff Marie E. Heinhold filed

in opposition on March 17, 1987 and defendants filed a reply on March 26, 1987. For the reasons discussed below, defendants' Motion for Partial Summary Judgment is hereby GRANTED.

## I.

### Background

This wrongful death suit arises out of the death of Raymond F. Heinhold who was killed as a result of an automobile accident on December 10, 1985, involving defendant William A. Kitchen, an employee of co-defendant Bishop Motor Express, Inc. Plaintiff Marie E. Heinhold, the decedent's wife and executrix of his estate, brought this action under Indiana's Wrongful Death Statute ("Act" or "the statute"), Ind.Code § 34-1-1-2. Among the various damage claims in plaintiff's complaint is a claim for economic losses incurred by the decrease in value of Heinhold Oil Company.

The decedent was the sole owner and manager of Heinhold Oil since its inception in 1949. Heinhold Oil owned and operated approximately 30 gasoline filling stations throughout northern Indiana and employed nearly 130 employees, however, some of the gas stations were leased to different operators. Plaintiff and the deceased were the sole stockholders in the company. According to plaintiff's own deposition testimony, the decedent was the only one capable of managing and running the company, consequently, plaintiff was forced to sell the business soon after her husband's death. Plaintiff alleges that the fair market value of the company was chiefly dependent on the personal services of the decedent and the value of the company was substantially reduced as a result of his death. Plaintiff seeks recovery of the diminution of the fair market value of Heinhold Oil caused by the death of her husband and argues that such damages are recoverable under the wrongful death statute. Defendants concede these factual allegations, as the court must under Fed.R.Civ.P. 56, however, defendants maintain that the damages sought by plaintiff are not available under the Act.

After drawing all reasonable inferences in the light most favorable to the non-moving plaintiff, *Bartman v. Allis-Chalmers Corp.*, 799 F.2d 311, 312 (7th Cir.1986), the court finds that there are no material facts in dispute on this damage claim; thus, summary judgment is an appropriate method for resolving this legal issue. Accordingly, the court looks to the relevant case law regarding damages under the Indiana statute.

## II.

### Discussion

Indiana's Wrongful Death statute provides in pertinent part:

When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter ... The remainder of the damages, if any, shall ... inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin ... If such decedent depart this life leaving no such ... dependent next of kin, surviving her or him, the damages inure to the exclusive benefit of ... the undertaker for the necessary and reasonable funeral and burial expenses, and to the personal representative, as such, for the necessary and reasonable costs and expenses of administering the estate and prosecuting or compromising the action, including a reasonable attorney's fee, and in case of a death under such circumstances, and when such decedent leaves no such ... dependent next of kin, surviving him or her, the measure of damages to be recovered shall be the total of the necessary and reasonable value of such ... funeral expenses, and such costs and expenses of administration, including attorney fees.

Ind.Code 34-1-1-2 (West 1983).

■ Damages recoverable under this law include the following: pecuniary loss of contribution of a decedent, *Lustick v. Hall*, 403 N.E.2d 1128, 1132 (Ind.App.1980); reasonable expectation of benefit, *id.;* loss of services, *Henry v. Prendergast*, 51 Ind.

App. 43, 94 N.E. 1015 (1911); children's loss of their parents' care, *Thomas v. S.H. Pawley Lumber Co.*, 303 F.2d 604, 609 (7th Cir.1962); and, the reasonable value of the loss of care, love and affection sustained by the decedent's spouse, and the loss of parental training and guidance sustained by the decedent's children during their minority. *Andis v. Hawkins*, 489 N.E.2d 78 (Ind.App.1986) (citing *Richmond Gas Corp. v. Reeves*, 302 N.E.2d 795, 813 (1973)). In the case at bar, plaintiff seeks recovery of the pecuniary loss suffered as a result of the sale of Heinhold Oil Company at a reduced price. This appears to be a question of first impression in Indiana as this court has been unable to find an Indiana case directly on point.

When faced with an unsettled issue of state law, a federal court should not decline to exercise its jurisdiction to decide a case. *Meredith v. City of Winter Haven*, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943). A federal court "may not give up—lost in darkness" in such a situation. *Daily v. Parker*, 152 F.2d 174, 177 (7th Cir. 1945). Instead, "state law as announced by the highest court of the State is to be followed." *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 (1967). And, if a state's supreme court has not yet decided an issue, a federal court should look to available data and adopt the rule that it believes a state's supreme court would adopt. *Green v. J.C. Penny Auto Insurance Co., Inc.*, 806 F.2d 759, 761 (7th Cir. 1986); *Hill v. International Harvester Co.*, 798 F.2d 256, 261 n. 2 (7th Cir.1986). Intermediate appellate court cases are useful but not binding evidence on what a state's supreme court would do in a similar case. *Id.* Finally, in deciding a state-law question of first impression, a federal court may assume that the state courts "will follow the rule that appears to best effectuate the policies that underlie the rule." *Bowen v. United States*, 570 F.2d 1311, 1322 (7th Cir.1978).

Generally, in Indiana, a plaintiff seeking recovery under the Act must establish an actual state of dependency. *Lustick*, 403 N.E.2d at 1131. This state of dependency consists of two elements: (1) a need for support must exist and (2) the deceased must contribute to the support of the dependent. *Id.; see also Koger v. Reid*, 417 N.E.2d 1142, 1144 (1981). The dispute in the present case focuses on this second element—the recoverable contributions made by the decedent to the dependent plaintiff. It is uncontested that a plaintiff may recover the pecuniary loss of contributions made directly to the dependent from the decedent. *See e.g., Lavene v. Freidrichs*, 186 Ind. 333, 115 N.E. 324, *rehearing denied*, 186 Ind. 333, 116 N.E. 421 (1917) (decedent's income); *American Carloading Corp. v. Gary Trust & Savings Bank*, 216 Ind. 649, 25 N.E.2d 777 (1940) (loss of consortium and care); *Prendergast*, 94 N.E. 1015 (value of decedent's labor).

In this case, plaintiff maintains that she is a dependent, for purposes of the value of Heinhold Oil, in that she depended on the company for support and her late husband rendered irreplaceable services to the company. In other words, the decedent rendered services to a third party (a corporation) and that third party then provided benefits (the corporation's fair market value) to plaintiff. Thus, the contribution from the decedent did not pass directly to plaintiff; instead, his services inured directly to the benefit of the corporation and plaintiff benefited indirectly when the company was sold.

Although the court has found no Indiana state court decision addressing this issue, a federal district court from the Southern District of Indiana had occasion to construe the Indiana Act in a case with facts strikingly similar to this one. In *Mehler v. Bennett*, 581 F.Supp. 645 (S.D.Ind.1984), the decedent, a 27 year old male, worked as the plant manager at a company in which his parents had a substantial interest and his father served as president. *Id.* at 647. After the death of their son, the mother and father brought suit under the Indiana wrongful death statute seeking compensation for the pecuniary loss suffered through the loss of their son's services at the company. *Id.* The parents in *Mehler*

argued that the successful operation and future profitability of the corporation were dependent upon their son's services, and that their own plans for retirement and future financial well-being were dependent upon the successful operation of the company.

The court denied the plaintiff's claim in *Mehler* and stated:

> While there is no doubt that the performance of services, as opposed to monetary contributions for the beneficial claimants may be sufficient to show that the decedent was contributing support, *Lustick v. Hall, supra,* the Court has been unable to find a case in which the rendering of services by the decedent to a third person, which may in some manner benefit the claimant, has been found to constitute a contribution of support to the beneficial claimant. *Here decedent's services inured directly to the benefit of the corporation.* If as a result of decedent's skill and expertise the corporation was successful, the Mehlers would undoubtably benefit due to their extensive stock holdings in the corporation. However, so would the approximately forty-five (45) other shareholders. The Court, is therefore of the opinion that the services rendered by decedent to the corporation are not sufficient to constitute an actual contribution of services for support to the beneficial claimants herein.

*Id.* at 648. (emphasis added).

The plaintiff here makes a similar claim for indirect contributions, namely, the services that the decedent provided to the Heinhold Oil Company. However, the services that Mr. Heinhold rendered to Heinhold Oil, like those of the decedent in *Mehler*, inured directly to the benefit of the company and not his wife.

Plaintiff attempts to distinguish the *Mehler* case. First, she points to the fact that she is the sole shareholder of Heinhold Oil whereas the claimants in *Mehler* owned only 45% of the company's stock. Plaintiff argues that because she is the only shareholder of the company she is also the sole recipient of her late husband's services to the company. The court finds plaintiff's

argument unpersuasive. The holding in *Mehler* did not depend on the fact that the claimants were only 45% owners of the corporation; instead, the *Mehler* court found that the parents were not entitled to recover the value of their son's "services because his services inured directly to the benefit of the corporation" and not to them. *Id.* The court's reference to the parents' percentage ownership in *Mehler* demonstrated the speculative nature of their benefit. The court also disagrees with plaintiff's contention that she is the sole recepient of the benefit of her husband's services to the company. As plaintiff's affidavit reveals, Heinhold Oil employed nearly 130 individuals and each of these employees benefited, to one degree or another, by the decedent's management. Thus, plaintiff's claim here is as speculative as the claim made in *Mehler*. *Id.*

Although decisions by federal courts construing Indiana law are not binding on Indiana courts, they are presuasive authority. *Chaffin v. Nicosia,* 261 Ind. 698, 310 N.E.2d 867 (1974). This court's analysis of Indiana decisions concerning the nature of wrongful death actions leads to the conclusion that the *Mehler* court correctly determined Indiana law. Recently, the Indiana Court of Appeals had occasion to construe the Indiana Wrongful Death Statute on the availability of damages in *Andis v. Hawkins,* 489 N.E.2d 78 (Ind.App.1986). In holding that punitive damages were not available under the statute, the *Andis* court stated:

> Indiana law is clear that actions for wrongful death are purely statutory in origin. *Northern Indiana Power Co. v. West* (1941), 218 Ind. 321, 32 N.E.2d 713; *Britt v. Sears* (1971), 150 Ind.App. 487, 277 N.E.2d 20, trans. denied. Such actions did not exist at common law, but the right is given solely by statute. *Kirkpatrick v. Bowyer* (1960), 131 Ind. App. 86, 169 N.E.2d 409. *Since wrongful death actions did not exist at common law, but are purely creatures of statute, the statute creating such right of action must be strictly construed.* *Cunningham v. Werntz,* (7th Cir.1962), 303 F.2d 612; *Thomas v. Eads* (1980),

Ind.App. 400 N.E.2d 778. *Thus, only those damages prescribed by the statute may be recovered. Huff.* The purpose of the wrongful death statute is not to compensate for some injury to the decedent or to punish someone who has caused a wrongful death. Rather, the purpose is to provide a means whereby the decedent's spouse or dependents may be compensated for the loss which they have sustained by reason of the death. *Mehler v. Bennett,* (S.D.Ind.1984), 581 F.Supp. 645.

*Id.* at 81–82 (emphasis added). The *Mehler* decision comports with Indiana's policy of strictly construing its wrongful death statute. In fact, because recovery of damages for services rendered to a third party are not prescribed by the statute, plaintiff Heinhold is not entitled to such a claim as a matter of law. *Andis,* 489 N.E.2d at 81. *See also Kuba v. Ristow Trucking Co., Inc.,* 811 F.2d 1053, 1056 (7th Cir.1987) (citing *Andis* for the proposition that Indiana's wrongful death statute is to be strictly construed and that damages are to be strictly limited to actual damages).

■ Mrs. Heinhold is not prohibitied from seeking the expected earnings of her deceased husband, nor is she precluded from seeking the benefit of any services he rendered directly to her. The value of Mr. Heinhold to the functioning of Heinhold Oil is not doubted, it is merely the availability of the loss due to liquidation which is questioned. Such damages would be indirect and speculative, and, in accordance with Indiana's policy of strict construction, *Mehler; Andis,* they are unrecoverable under Indiana law.

## CONCLUSION

It is therefore ORDERED that defendants' Motion for Partial Summary Judgment on the issue of whether Marie Heinhold can recover for the diminution in the value of Heinhold Oil Company is hereby GRANTED.