The ESTATE OF Michael MILLER, Deceased, Harry Miller and Linda Miller, Appellants–Plaintiffs,

v.

CITY OF HAMMOND, City of Hammond Emergency Medical Technicians and Mitchell Marks, Appellees–Defendants.

No. 45A03–9707–CV–242.

Court of Appeals of Indiana.

March 3, 1998.

Gregory H. Miller, Wernle, Ristine & Ayers, Crawfordsville, for Appellants–Plaintiffs.

Diane C. Gonzalez, David W. Weigle & Associates, Hammond, for Appellees–Defendants.

## OPINION

GARRARD, Judge.

### STATEMENT OF THE CASE

The Estate of Michael Miller, deceased, Harry Miller, and Linda Miller (collectively the "Millers") appeal from the trial court's grant of summary judgment in favor of the City of Hammond, the City of Hammond Emergency Medical Technicians, and Mitchell Marks (collectively the "City"), on the Millers' wrongful death claim for compensatory damages against the City. We affirm.

### ISSUE

Whether the deceased's parents are "dependent next of kin" within the meaning of Indiana's Wrongful Death Statute, Indiana Code § 34–1–1–2.

### FACTS AND PROCEDURAL HISTORY

Michael Miller, the decedent, died at age 23 after suffering a severe electric shock while welding on a roof in Hammond. Michael was survived by his parents, the Millers. At the time of his death, Michael was a full-time student at Indiana Vocational Technical College [1] and resided at home with his parents. Also at the time of his death, Michael provided his services to two family businesses known as Triple M Welding and Fabricating and Triple M Supply.

The Millers brought a wrongful death action against the City and alleged that the City negligently failed to render emergency medical care to Michael and, as a result of such failure, Michael died. Following a motion for summary judgment filed by the Millers on the issue of liability, the trial court granted summary judgment in the Millers' favor, leaving the extent of the Millers' damages as the only remaining issue.

On September 10, 1996, the City filed its motion for summary judgment and alleged that the Millers were not "dependent next of kin" within the meaning of Indiana Code

§ 34–1–1–2. Thus, the City contended, the Millers were not entitled to damages beyond reasonable medical, hospital, funeral and burial expenses, and the costs and expenses of the administration of Michael's estate. Following a hearing, the trial court granted the City's motion for summary judgment. This appeal ensued.

### DISCUSSION AND DECISION
#### Standard of Review

When reviewing a motion for summary judgment, we apply the same standard as the trial court. *Henshilwood v. Hendricks County*, 653 N.E.2d 1062, 1065 (Ind.Ct.App. 1995), *trans. denied*. We resolve any doubt as to any fact, or inference to be drawn therefrom, in favor of the party opposing summary judgment. *Id.* Summary judgment should be granted only when the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). On appeal, we must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *City of Elkhart v. Agenda: Open Government*, 683 N.E.2d 622, 625 (Ind.Ct. App.1997). The party appealing the grant of summary judgment has the burden of persuading the court on appeal that the trial court's ruling was improper. *Jordan v. Deery*, 609 N.E.2d 1104, 1107 (Ind.1993). We will affirm the grant of summary judgment on any theory or basis found in the evidentiary matter designated to the trial court. *Trout v. Buie*, 653 N.E.2d 1002, 1005 (Ind.Ct.App.1995), *trans. denied*.

#### Dependent Next of Kin

Indiana's wrongful death statute, Indiana Code § 34–1–1–2, provides in relevant part:

When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years, and the damages shall be in such an amount as may be determined by the court or jury, including, but not limited to,

**1.** Michael was scheduled to graduate on the day of his death.

reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall subject to the provisions of this article, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, *or dependent next of kin,* to be distributed in the same manner as the personal property of the deceased.

(emphasis added). Actions for wrongful death are purely statutory as, at common law, there was no liability in tort for killing another because actions for personal injury did not survive the death of the injured party. *Robinson v. Wroblewski,* 679 N.E.2d 1348, 1350 (Ind.Ct.App.1997). Because the cause of action is in derogation of the common law, the statute creating the cause must be strictly construed, permitting recovery of only those damages specifically prescribed. *Ed Wiersma Trucking Co. v. Pfaff,* 643 N.E.2d 909, 911 (Ind.Ct.App.1994), *opinion adopted by* 678 N.E.2d 110 (Ind.1997).

■ The issue in the instant case is whether the Millers qualify as "dependent next of kin" within the meaning of the wrongful death statute and, thus, are entitled to damages for their pecuniary loss suffered as a result of Michael's death. As we recently noted in *Wolf v. Boren,* 685 N.E.2d 86 (Ind. Ct.App.1997), *trans. denied,* our supreme court has set a standard for dependency within the meaning of the wrongful death statute stating that "proof of dependency must show a need or necessity of support on the part of the person alleged to be dependent ... coupled with the contribution to such support by the deceased." *Id.* at 88 (quoting *New York Central Railroad Co. v. Johnson,* 234 Ind. 457, 127 N.E.2d 603, 607 (1955)); *see also Koger v. Reid,* 417 N.E.2d

1142, 1145 (Ind.Ct.App.1981). In other words, "dependency must be actual, amounting to a necessitous want on the part of the beneficiary and a recognition of that necessity on the part of the decedent, an actual dependence coupled with a reasonable expectation of support or with some reasonable claim to support from the decedent." *Kirkpatrick v. Bowyer,* 131 Ind.App. 86, 169 N.E.2d 409, 412 (1960) (quoting 25 C.J.S. Death § 33, p. 1108).

In the instant case, the Millers maintain that they are dependent because their 23 year-old son Michael "partially" supported them through his contributions in working for the family businesses. We find two federal district court cases helpful on this issue. First, in *Mehler v. Bennett,* 581 F.Supp. 645 (S.D.Ind.1984), the parents of the 27 year-old decedent brought suit under the Indiana wrongful death statute seeking compensation for the pecuniary loss suffered due to the loss of their son's services to a company in which the parents had a substantial interest. *Id.* at 647. The parents argued that the successful operation of the company and its future profitability were dependent upon their son's continued services, and that their own plans for retirement and future financial well-being were also dependent on the success of the corporation. *Id.* The defendant moved for partial summary judgment on the issue of whether the parents were dependent next of kin within the meaning of the wrongful death statute. The district court granted the defendant's motion and denied the parents' claim, holding that the services rendered by the decedent to a third person (the corporation) were not sufficient to constitute an actual contribution of services for the support of the beneficial claimants. *Id.* at 648. The court relied heavily on the fact that the decedent's services inured directly to the corporation rather than to the parents. *Id.*[2]

Similarly, in *Heinhold v. Bishop Motor Express, Inc.,* 660 F.Supp. 382 (N.D.Ind. 1987), the plaintiff sought damages for the

**2.** The *Mehler* court also noted that while the parents, as substantial stockholders of the corporation, would undoubtedly benefit from the decedent's continued service, so would approximately forty-five (45) other shareholders. *Id.* at 648. However, the number of other shareholders ben-

efiting from the corporation's success was not dispositive and merely demonstrated the speculative nature of the parents' benefit. *See Heinhold v. Bishop Motor Express, Inc.,* 660 F.Supp. 382, 385 (N.D.Ind.1987).

economic loss incurred by the decrease in value of the family company due to her husband's death. *Id.* at 383. The decedent and the plaintiff were the sole owners of the family business. *Id.* Plaintiff argued that the fair market value of the company was dependent on the personal services of the decedent and, thus, the value decreased as a result of his death. *Id.* The plaintiff maintained that she was dependent for the purposes of the value of the company, in that she depended on the company for support and her late husband rendered irreplaceable services to the company. *Id.* at 384. Relying on the fact that the decedent's services inured directly to the benefit of the company and not to his wife, the court entered partial summary judgment in favor of the defendant concluding that the plaintiff's indirect and speculative claim failed under a strict construction of Indiana's wrongful death statute. *Id.* at 385.

■ The Millers make a similar claim for indirect contributions that their son made to them through the services he provided to two family businesses. It appears that the decedent and his father each owned one-half of the welding business. The supply business was owned as a partnership or joint venture by the decedent, his father and his step brother. While neither of these businesses were corporations, the principle which undergirds *Mehler* and *Heinhold* applies. We assume that providing services may satisfy the contribution prong in the test for dependency. Even so, the mere provision of service for pay to a business entity, especially where the decedent is an owner of the business entity, will not constitute support of a dependent although the party claiming dependency owns a portion of the business. The necessarily strict reading of our statute requires the conclusion that recovery of damages for such indirect services are not recoverable as a matter of law.

Even more significantly, there is absolutely no evidence to show that the Millers are in a present condition of "necessitous want." The Millers are both able-bodied individuals who maintain full-time employment, the income from which increased to $66,567.71 the year following Michael's death, up from $61,903.00 the previous year. The undisputed facts indicate that the Millers considered their son as the dependent one when they claimed him as a dependent on their income tax returns for the years 1990 through 1993. The mere fact that the family businesses may have earned a modest profit as a result of Michael's efforts does not establish a need for Michael's support on behalf of his parents. We would characterize the Millers' alleged "need" as more of an "expectation." *See Mehler,* 581 F.Supp. at 648.

Finally, we are not persuaded by the Millers' argument that their need for support will increase over time as they suffer cut backs in their jobs and face retirement. We agree with the trial court that such future need is based on mere speculation and is insufficient to create a genuine issue for trial.

As a matter of law, the Millers are not "dependent next of kin" within the meaning of Indiana Code § 34–1–1–2. We decline the Millers' invitation to establish a common law remedy for their claim. The trial court properly entered summary judgment in favor of the City.

Affirmed.

STATON and SHARPNACK, JJ. concur.