## VANDALIA RAILROAD COMPANY *v.* MIZER ET AL.

### [No. 22,869. Filed May 9, 1916.]

1.   APPEAL.—*Assignment of Errors.*—*Waiver.*—Error assigned on the overruling of a motion to quash a notice in a drainage proceeding was waived by appellant's failure to present any question in relation thereto in its brief. p. 682.
2.   DRAINS.—*Statutes.*—*Constitutionality.*—Section 6143 Burns 1914, Acts 1907 p. 508, §4, relating to remonstrances in drainage proceedings, and providing that on the making of the drainage commissioner's report "ten days * * * shall be allowed to the owner of any lands affected by the work proposed and reported benefited or damaged, to remonstrate against the report", and specifying as one of the grounds for remonstrance that the report is not according to law, etc., does not preclude the owner of land affected, but not reported as benefited or damaged, from remonstrating or filing a claim for [damages; hence, the drainage act embracing such section is not unconstitutional on the ground that it denies the right of remonstrance to the owner of lands affected but not reported as benefited or damaged. pp. 683, 685.

3. STATUTES.—*Amendments.*—*Adoption of Prior Construction.*— Where a statute has undergone several amendments and reënactments, the latest is deemed to embody previous constructions by the court unless a contrary intent is manifest. p. 685.

4. DRAINS.—*Establishment.*—*Police Power.*—*Eminent Domain.*— The drainage act constitutes a legislative exercise of the police power, and is not an exercise of the power of eminent domain. p. 686.

5. DRAINS. — *Establishment.* — *Appeal.* — *Questions Reviewable.*— Where appellant, whose lands were affected by a drainage proceeding, but were not reported as benefited or damaged, made no claim for damages in the trial court, it was in no position to complain of the trial court's failure to award damages. p. 686.

From Clay Circuit Court; *Solon A. Enloe*, Special Judge.

Drainage proceeding on the petition of Daniel J. Mizer and others. From the judgment rendered, the Vandalia Railroad Company appeals. *Affirmed.*

*Samuel O. Pickens, Owen Pickens* and *A. W. Knight*, for appellant.

*G. S. Payne, W. L. Cravens, Hubert Hickam* and *Willis Hickam*, for appellees.

MORRIS, C. J.—Appellees filed their petition in the Clay Circuit Court to drain lands in Eel River bottoms, by straightening, widening and deepening the channel of the stream, from a designated point in Clay County to the place where it empties into White River, near Worthington. Appellant's right of way crosses Eel River a short distance above its confluence with White River, and, at the crossing, appellant has a bridge 135 feet long, and an adjoining trestle 60 feet long. The railroad, at this point, runs east and west, and Eel River approaches the bridge from a direction somewhat east of north. After passing under the bridge, the course of the stream is turned abruptly by a hill, so that it flows thence east, a distance of about 1,160 feet, along the south side of appellant's railroad, and then

turns south to White River. About 1,800 feet east of
the bridge there is a hill, and between the points ap-
pellant's track is now laid on an embankment, fifteen
feet high, without openings therein. Originally,
opposite said south turn of Eel River, there was a
long trestle carrying the railroad tracks across a
portion of the valley, but in 1885 this was covered
with earth, and converted into a solid embankment,
which compels the flow of water through the chan-
nel at the bridge, and, in time of flood, acts as a
dam and causes the overflow of low lands northeast
of the bridge.

Appellant was not named in the petition, but the
drainage commissioners reported its right of way as
affected by the plan of drainage adopted by them.
The report provided for the straightening of the
stream by cutting a new channel 300 feet wide across
the railroad at a point 1,160 feet east of the bridge,
thereby requiring appellant to construct a new
bridge over the proposed channel. Appellant was
not reported as either benefited or damaged by the
proposed change. On the filing of the report, notice
was served on appellant, and a time fixed for a hear-
ing on the entire report. §6142 Burns 1914, Acts
1907 p. 508. Appellant appeared specially and
moved to quash the notice and return of service.

1. The motion was overruled, and the ruling is
assigned as error here, but a consideration
thereof has been waived by appellant, be-
cause of its failure, in its brief, to present any
question, in relation thereto, in its points and
authorities. Subsequently, appellant filed its veri-
fied plea in abatement of the proceeding, alleging
that it would be damaged in the sum of $50,000 by
the proposed work, and that the act of March 11,
1907 (Acts 1907 p. 508, §6140 Burns 1914), the sole
authority for the proceedings, is void because in con-

flict with §1 of the 14th amendment of the.Federal Constitution, for the reason, as alleged, that appellant is deprived by the statute, of remonstrating against the proceeding, and of its right to have its damages assessed, and that consequently appellant is thereby deprived of its property without due process of law, and is denied the equal protection of the law, in violation of said constitutional provision. Appellees replied to the plea in abatement by a general denial. On the issues formed, there was a hearing resulting in a finding and judgment for appellees. Appellant filed no remonstrance or other pleading, and, on final hearing, the proposed work was ordered established, without award of damages, or assessment of benefits, to appellant.

It is contended here (1) that the drainage act of 1907 is unconstitutional and void, (2) that the taking of 300 feet of appellant's roadway is referable to the eminent domain power rather than the police power, and entitles appellant to damages for the taking, and (3) that if the taking is referable to the police power, due process of law demands compensation to appellant to the extent of the value of the earth taken in the construction of the 300 feet of channel.

Is the drainage act of 1907 unconstitutional for the reasons urged? Appellant's contention is based on its construction of a portion of §4 of the act (§6143 Burns 1914, Acts 1907 p. 508), relating to remonstrances, which provides that on the making of the drainage commissioners' report, "ten days * * * shall be allowed to. the owner of any lands affected by the work proposed *and reported benefited or damaged,* to remonstrate against the report; the remonstrance * * * may be for any of the following causes: . First, that the report of the commissioners is not accord-

ing to law." This is followed by the enumeration of eight other causes applicable only, in express terms, to persons owning lands reported as affected and either damaged or benefited. The tenth statutory cause of remonstrance is grounded on the insufficiency of the proposed plan to properly drain the land affected. Other portions of the same section require a hearing by the court and it is expressly provided that persons owning lands reported as affected but neither damaged nor benefited by the work, shall be deemed as present in court at the final hearing, and that their lands may then be assessed, if the facts justly require it. Section 3 (§6142, *supra*), of the act expressly requires the drainage commissioners to find whether the costs, damages and expenses of the work will be less than the benefits, and, if not, that the proceeding must be dismissed at petitioners' cost. Appellant earnestly contends that the statute did not permit it to remonstrate or file claim for damages, because, in the commissioners' report its right of way was not reported as either benefited or damaged. A similar question arising in a proceeding under the amendatory act of 1883 (Acts 1883 p. 173) was presented in *Reasoner* v. *Creek* (1885), 101 Ind. 482, and it was there held that under that statute a landowner might remonstrate for damages, though his lands were not reported as either benefited or damaged, and that the statute contemplated the settlement, in the single proceeding, of all legitimate controversies growing out of the proposed work. See, also, *Hoefgen* v. *Harness* (1897), 148 Ind. 224, 47 N. E. 470; *Keiser* v. *Mills* (1903), 162 Ind. 366, 69 N. E. 142; *Thorn* v. *Silver* (1910), 174 Ind. 504, 520, 89 N. E. 943, 92 N. E. 161; *Rayl* v. *Kirby* (1913), 180 Ind. 553, 102 N. E. 136, 103 N. E. 440; *Karr* v. *Board, etc.* (1908), 170 Ind. 571, 85 N. E. 1; *Murray* v. *Gault* (1913),

179 Ind. 658, 670, 101 N. E. 632; *Northern Ind. Land Co.* v. *Brown* (1914), 182 Ind. 438, 442, 106 N. E. 706. The amendatory act of 1883 differed but slightly, in regard to remonstrances, from the act of 1907, but the latter contains a clause we have italicized which did not appear in the former, and appellant attaches importance to such difference. Since 1883 our drainage law has undergone several amendments and reënactments, and the latter must be held as embodying previous constructions by this court, unless a contrary intent is manifested. *Thorn* v. *Silver, supra.* We are satisfied that the difference above noted does not warrant the conclusion that the General Assembly of 1907 intended to exclude from remonstrating, for damages, the owners whose lands were not reported as benefited or damaged. In *Karr* v. *Board, etc., supra,* it was held that the court with jurisdiction to establish a proposed drain is invested with authority "to make all orders which are meet in the premises," and that declaration was approved in *Murray* v. *Gault, supra.*

In *Northern Ind. Land Co.* v. *Brown, supra,* it was held error, under the act of 1907, to refuse a petition to intervene and remonstrate for damages by one not named in the petition or report of the drainage commissioners. In view of our decisions, it must be held that appellant's construction of the act of 1907 is erroneous, and that the statute fully authorized appellant, had it desired to do so, to file a remonstrance for damages, though the commissioners reported neither damage nor benefit to its right of way. It follows that the act is constitutional as against the objection urged, and that there was no error in the lower court's decision on the plea in abatement.

Appellant's second contention, to the effect that

our drainage act constitutes a legislative exercise of the power of eminent domain rather than that

4. of the police power is contrary to the doctrine often declared by this court. *Clough* v. *Lake Shore, etc., R. Co.* (1914), 182 Ind. 178, 186, 104 N. E. 975, 105 N. E. 905, *Bemis* v. *Guirl Drainage Co.* (1914), 182 Ind. 36, 105 N. E. 496, and authorities cited. Moreover, while appellant cites eminent authority from other jurisdictions in support of its position, the question presented in this contention is a moot one here. Were we of the opinion that former decisions of this court should be overruled, appellant is in no position to demand such action.

5. It made no claim for damages in the court below, and is without any ground for asserting one here, even if our drainage act is referable to the eminent domain power. For like reason, appellant's third contention presents no question for decision here. Failing to abate the entire proceeding as to it, appellant made no further claim for relief, and it can not here complain, because the trial court failed to award damages that it did not ask. No reversible error appears. Judgment affirmed.

NOTE.—Reported in 112 N. E. 522. See, also, under (1) 3 C. J. 1410; (2) 14 Cyc 1041; (3) 36 Cyc 1153; (4) 14 Cyc 1024, 1025; (5) 14 Cyc 1045.