John J. ONDREY and Mary Ondrey co-Administrators of the Estate of Donald Ondrey, Deceased, Plaintiffs,

v.

SHELLMAR PRODUCTS CORPORATION, General Packaging Corporation and Russell Martin.

Civ. No. 1546.

United States District Court
N. D. Indiana, South Bend Division.
May 27, 1955.

Nichols & Nichols, Knox, Ind., Benjamin Sugar, Bernard Raskin, Chicago, Ill., for plaintiffs.

Roland Obenchain, Jr., South Bend, Ind., for defendants Shellmar Products Corp. and Russell Martin.

PARKINSON, District Judge.

This is an action for damages for alleged wrongful death instituted on November 10, 1953, by the personal representatives of the decedent for the benefit of the alleged dependent parents of the decedent and those who furnished hospital services; medical and surgical services; funeral and burial expenses, and costs of administration, in which the defendants, Shellmar Products Corporation and Russell Martin, have filed a motion for summary judgment.

The admissions of the plaintiffs herein disclose, without dispute or contradiction, that at the time of the decedent's death, the decedent was the lawful wedded husband of Margaret Ondrey; that Margaret Ondrey survived her husband; that no children were born to the decedent and Margaret Ondrey, his wife and widow, and Margaret Ondrey, the widow of the decedent, died on November 16, 1951.

Under the pleadings and admissions on file the core question is whether the action inured to the exclusive benefit of the widow of the decedent alone or to the widow and the alleged dependent parents of the decedent. If the action inured to the exclusive benefit of the widow alone there is no genuine issue as to any material fact and the defendants are entitled to a judgment as a matter of law because the widow died and the right of action would not pass to persons of the next class.

In Shipley v. Daly, 1939, 106 Ind.App. 443, 20 N.E.2d 653, 654, the pertinent part of the statute there involved read as follows:

"'must inure to the exclusive benefit of the widow or widower (as the case may be) and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased;'" Laws 1933 Ind. c. 12, § 1.

and the court held that there was but one cause of action created thereby and it accrued upon the death of the injured party and inured to the benefit of those named in the statute in the order stated, as of the date of death, and not otherwise; that there are three classes: 1. the widow or widower and children, if any; 2. next of kin, and 3. those furnishing certain services, and if there be no survivors of the first class, the right is for the benefit of those of the second class, if any, and if none, then for the benefit of the third class, but the right

**544**

when it once accrues does not pass upon the death of those of one class of persons to the next class, since the right given is a statutory one, and the statute does not so provide.

■ Subsequent to Shipley the statute was amended and at the time of the death of Donald Ondrey, read in pertinent part, as follows:

"shall inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased." Burns' Ann.St.Ind. § 2–404.

It will be noted that the only changes made in the part of the statute here under consideration were the substitution of commas for the parentheses; the addition of the words "to the dependent" preceding the word "children" and the addition of the word "dependent" preceding the words "next of kin."

It is the contention of the plaintiffs that the use of the comma after the phrase "as the case may be" changes the entire meaning and places dependent next of kin in the first class along with the widow or widower if there be no dependent children. There is no merit to this contention. In this connection all the legislature did was to delete the parentheses encompassing the phrase "as the case may be" and substitute commas therefore. To illustrate: before "(as the case may be)" after ", as the case may be,". The meaning was unchanged. It remained absolutely the same.

The theory of the plaintiffs that the modern interpretation of a wrongful death statute, in view of the change of punctuation, manifests the clear intention of the legislation to include all dependents in one class and to permit a suit if any member of that class were alive and then distribute in accordance with the laws of descent, does not apply in Indiana. Such could not have possibly been the intent of the legislature in Indiana because under the laws of descent the only next of kin eligible to take, if there be a surviving widow or widower, are the parents and then only in the event the whole amount of the property is $1,-000 or more. In other words, if we were to hold that the legislature of Indiana intended to include dependent next of kin in the same class with the widow or widower, if no dependent children survived, the only ones who could participate in the distribution would be the father or mother, or both. Certainly the legislature of Indiana had no such intent.

■ This statute is in derogation of the common law and must be strictly construed. We, therefore, hold that the wrongful death statute in force at the time of decedent's death created three classes for whose benefit the right of action inured. 1. The widow or widower and dependent children, if any; 2. dependent next of kin, and 3. those furnishing certain services; that but one cause of action accrued upon the death of Donald Ondrey and inured to the exclusive benefit of Margaret Ondrey, his widow, as of the date of his death, and that it did not pass upon her death; that the cause of action died with the widow, Margaret Ondrey, on November 16, 1951; that there is no genuine issue as to any material fact and the defendants, Shellmar Products Corporation and Russell Martin, are entitled to a judgment as a matter of law, and the motion of the defendants, Shellmar Products Corporation and Russell Martin, for summary judgment must be granted.

The Clerk is hereby ordered to enter judgment accordingly.