Vasco E. CUNNINGHAM, Administrator of the Estate of James Dale Cunningham, Deceased, Plaintiff-Appellee,

v.

Patricia WERNTZ, Defendant-Appellant.

No. 13574.

United States Court of Appeals Seventh Circuit.

May 24, 1962.

Norman Kopec, John W. Montgomery, South Bend, Ind., for appellant.

Benjamin Piser, South Bend, Ind., for appellee.

Before DUFFY, KNOCH and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This diversity wrongful death action [1] arose from a collision between defendant's automobile and a motorcycle driven by plaintiff's decedent. Verdict was in plaintiff's favor for $7,500 and defendant has appealed from the judgment on the verdict.

The collision occurred on Lincoln Way West in South Bend, Indiana. Defendant was driving "westward", stopped in the inner lane, signalled a left turn, started the turn into an alley to the south, heard an "impact" and stopped her car. Decedent's body was found about thirty feet east of the alley near the south curb and his motorcycle was on its side across the south curb just east of the alley.

Defendant contends the District Court erred in refusing to direct a verdict in her favor for failure of proof of the essential elements of negligence and financial dependency of plaintiff on decedent. She argues that there is no substantial factual basis for finding her negligent, and no evidence locating decedent before the collision to justify an inference that if she had kept a proper lookout she ought to have seen decedent.

There is evidence that the collision occurred about 6:40 P.M. on dry pavement on a clear July evening; that defendant having stopped in the inner west-bound lane at the east line of the alley, waited for east-bound traffic to clear; that she made a left turn to go south into the alley and as she did she struck "some-thing"; and that she "didn't see it before, * * * didn't know where it came from * * * didn't know which direction it was travelling." It is admitted decedent was travelling "easterly" and there is evidence that he was in the east-bound lane just before the collision. There is evidence from which the jury could reasonably infer that the collision occurred about fourteen feet south of the center line when the left front of defendant's station wagon struck decedent's motorcycle throwing him thirty feet in a southeasterly direction.

The complaint alleged defendant "carelessly and negligently" operated her automobile. We think the evidence and inferences referred to justified the District Court's refusal to direct the verdict for defendant. The decision of the Supreme Court of Indiana in Whitaker v. Borntrager, 233 Ind. 678, 122 N.E.2d 734 (1954) and Hubble v. Brown, 227 Ind. 202, 84 N.E.2d 891 (1949) are authority for our conclusion.

The Hubble case is especially pertinent to meet defendant's argument here that there was no eye witness. There was no direct evidence where Mrs. Hubble was just before the accident or to show that anything defendant did, or omitted to do, was negligence. The court there discussed defendant's argument, similar to defendant's argument here as to negligence, that inference of proximate cause would be surmise and speculation. It said that there was no evidence that Brown's drunken "weaving" just before Mrs. Hubble fell or "flew" from the car, had discontinued and that there was evidence that he had just before "whisked by." The court thought the jury could infer reasonably that Mrs. Hubble was thrown from the car by the weaving and speed or that she had leaped in fear. There is no evidence in the case at bar that decedent's easterly course had discontinued and there are sufficient circumstances upon which the jury could conclude that if defendant had been keeping a proper lookout she should have seen him.

---

1. Burns' Ind.Stat.Ann., 1946 Repl., § 2–404 (1961 Supp.).

# 614

■ It was essential to plaintiff's case that he prove "dependency" of himself and his wife, for whose benefit he is also suing, upon decedent.[2] And the rule is that being in derogation of common law the Indiana wrongful death statute may not be extended beyond the legitimate meaning of its words, Shipley v. Daly, 106 Ind.App. 443, 20 N.E.2d 653, 655 (1938). Defendant argues that on the uncontradicted evidence there was room for only one reasonable inference, i. e., that plaintiff and his wife were not dependent upon decedent. The test on this question is whether, considering the evidence and inferences favorable to plaintiff, there is evidence that plaintiff and his wife needed support and that decedent contributed to that need. New York Central R. R. Co. v. Johnson, 234 Ind. 457, 127 N.E.2d 603 (1955).

The favorable testimony is that plaintiff was a barber in Kennett, Missouri, that he borrowed $200.00 for the payment of decedent's expenses for three semesters at a university, that in response to needs of plaintiff and his wife decedent in 1953 gave plaintiff "something over $300.00," in 1954, $150.00 to $200.00, in 1955 "something over $600.00;" in 1956, $150.00 to $200.00, and in 1957 to July, when decedent was killed, more than $300.00; and that these contributions were used to pay household bills and medical bills. These contributions were in addition to cash gifts decedent gave his parents for Mother's Day, birthdays, and Christmas.

■ We think that we are not expanding "dependent" beyond its statutory meaning in holding that the evidence was sufficient to take the question of dependency to the jury. Novak v. Chicago & Calumet Dist. Transit Co., 235 Ind. 489, 135 N.E.2d 1 (1956); New York Central R. R. Co. v. Johnson, 234 Ind. 457, 127 N.E.2d 603 (1955).

■ Defendant claims error in the District Court's refusal to instruct the jury upon "special rights and duties," under Indiana law governing turns at intersections.[3] The court could properly have refused to give the instruction upon deciding as a matter of law, on the physical evidence and oral testimony, that decedent was clearly "so close" to the "intersection"[4] as to "constitute an immediate hazard." And on this finding the court would have been justified in refusing to give the instructions because there was no basis for defendant's theory that she had the right of way when making the left hand turn. There was no error in the ruling on the instruction.

For the reasons given, the judgment is affirmed.

2. Burns' Ind.Stat.Ann., 1946 Repl. § 2–404 (1961 Supp.). " * * * When the death of one is caused by the wrongful act or omission of another * * * the damages * * * shall inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin * * *."

3. Burns' Ind.Stat.Ann., 1952 Repl. § 47–2027. Turning left at intersection.—The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this act, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield right of way to the vehicle making the left turn.

4. We need not decide whether the alley and Lincoln Way West formed an "intersection" under § 47–1815(a), Burns' Ind. Stat.Ann. (1952 Repl.)