Ronald **LUSTICK**, as Administrator of the Estate of Nancy J. Lustick, Appellant (Plaintiff Below),

v.

John A. **HALL**, Appellee (Defendant Below).

No. 3–1278A322.

Court of Appeals of Indiana, Third District.

May 12, 1980.

Rehearing Denied June 24, 1980.

James F. Stanton, Merrillville, for appellant.

Ronald P. Kuker, Larry G. Evans, Hoeppner, Wagner & Evans, Valparaiso, for appellee.

HOFFMAN, Judge.

This is an action to recover damages for the wrongful death of Nancy Lustick, brought by the administrator of her estate for the benefit of her two minor children.

Nancy Lustick was killed in a two-car automobile accident on November 25, 1974. Prior to trial, the defendant admitted liability and no evidence of the accident or the cause of death was admitted at trial.

The deceased and Ronald Dean Lustick were married in 1964 and lived together as husband and wife thereafter. During the course of their marriage, Ronald and Nancy Lustick adopted two minor children. On August 16, 1974, a Joint Petition for Dissolution of Marriage was filed and the parties entered into a Provisional Agreement of Settlement. Ronald Lustick was given the care and custody of the two children during the provisional period and Nancy was granted the right of reasonable visitation.

A Decree of Dissolution was entered on November 22, 1974 and continued the custody agreement of the provisional period. No payments for the support of the children were ordered.

During the three-month separation period, Nancy lived away from home for approximately six weeks. In mid-October, she moved back into the family home and performed all the usual household chores necessary for the care of her children, including cleaning, cooking, marketing and laundry. She also purchased clothing, toys, and sweets for them during this period. Ronald Lustick was in Detroit on business during most of this period of time; however, he continued to pay the major household bills.

Three days following the entry of the divorce decree, Nancy was killed. On the day of her death, she was living with and caring for her children and had purchased small presents for them.

The plaintiff presented evidence establishing these facts for the purpose of showing that the two minor children were dependent on the deceased. At the close of the plaintiff's evidence, the trial court granted the defendant's motion for judgment on the evidence and found that the deceased did not leave any dependent children. This decision by the trial court is in error and must be reversed.

The Wrongful Death Statute, found at IC 1971, 34–1–1–2 (Burns Code Ed.), conditions recovery for the benefit of the children on a status of dependency. The relevant language is as follows:

". . . The remainder of the damages, if any, shall, subject to the provisions of this act, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased. . ."

The word "dependent" was added to the statute in 1933 and that amendment has been interpreted by the court as a clarifica-

tion of prior decisions rather than a restriction on the right of recovery.

". . . Generally an amendment of an act which changes the language of a prior act does indicate a legislative intention that the meaning be changed. However, we are of the opinion that this change in the Wrongful Death Act no more than declared what our prior decisions had been on the right to recovery under such circumstances. . . ."

*New York Cent. R. R. Co. v. Johnson, Admx., etc.* (1955), 234 Ind. 457, at 464, 127 N.E.2d 603, at 607.

The test for dependency was clearly set forth in *Cunningham v. Werntz* (7th Cir. 1962), 303 F.2d 612, at 614. In that case, parents recovered for the death of an emancipated adult child who made financial contributions to his parents over a period of 4½ years in amounts ranging from $150 to $600 annually.

". . . The test on this question [of dependency] is whether, considering the evidence and inferences favorable to plaintiff, there is evidence that plaintiff and his wife *needed support and that decedent contributed to that need.* . ." [Emphasis added]

The Supreme Court of Indiana has also stated,

"However, it should be noted proof of dependency must show a need or necessity for support on the part of the person alleged to be a dependent, the mother in this case, coupled with the contribution to such support by the deceased."

*New York Cent. R. R. Co. v. Johnson, Admx., etc., supra.*

The Appellate Court of Indiana employed this test in *Kirkpatrick et al. v. Bowyer* (1960), 131 Ind.App. 86, at 94, 169 N.E.2d 409, at 412. That action was brought by five emancipated adult children for the wrongful death of their mother. Evidence showed that the mother infrequently acted as a baby sitter for the grandchildren, prepared food for the children and grandchildren and at rare times, the children would stay with the mother. In ruling that this evidence did not support a finding of dependency, the court said,

" 'Dependency is based on a condition and not a promise, and such dependency must be actual, amounting to a necessitous want on the part of the beneficiary and a recognition of that necessity on the part of decedent, an actual dependence coupled with a reasonable expectation of support of with some reasonable claim for support from decedent. . . .' "

These cases clearly show that a state of dependency consists of two elements. First, a need for support must exist and second, the deceased must contribute to the support of the dependent. The amount and type of contribution is relevant to the amount of damages which may be recovered as compensation for the dependent's pecuniary loss. Pecuniary loss has been defined as the reasonable expectation of pecuniary benefit from the continued life of the deceased, to be inferred from proof of assistance by way of money, services or other material benefits rendered by the deceased prior to his death. *Standard Forgings Co. v. Holmstrom* (1914), 58 Ind.App. 306, at 312, 104 N.E. 872, at 875.

Additional factors have also been considered by the courts in making a determination on this issue. A legal obligation to support need not exist to establish dependency. In *Novak, Admx., etc. v. Chi. & C. Dist. Tr. Co.* (1956), 235 Ind. 489, at 494, 135 N.E.2d 1, at 3, the Indiana Supreme Court held,

"However, the rule is now well established that proof of dependency imposed by law is not necessary to recovery under the statute. It is sufficient if such dependency exists in fact. . . ."

The presence of a legal obligation may be of weight only in determining the amount of pecuniary loss. *New York Cent. R. R. Co. v. Johnson, Admx., etc., supra.* See also: *Schwarz v. Gage* (1967), Mo.App., 417 S.W.2d 33.

The final relevant factor concerns the degree of dependency. A partial, rather than a total dependency, is sufficient to support recovery under the statute. It

would be improper for the court to impose a greater obligation than that required by the statute.

". . . [A]n administrator's action [under the Wrongful Death Statute] inures to the benefit of partial dependence as well as those wholly dependent . . ." *Northern Indiana Power Company v. West, Admx.* (1941), 218 Ind. 321, at 328, 32 N.E.2d 713, at 716.

The plaintiff may be partially dependent even though he could survive without the contribution made by the deceased. The factual circumstances existing at the time of death should be considered by the jury to decide the degree of dependency. *Pugh v. Yearout* (1972), 212 Va. 591, 186 S.E.2d 58.

When this legal test for dependency is applied to the facts of the *Lustick* case, it is clear that a jury could have found that a degree of partial dependency existed. The minor children obviously had a need for support and the deceased was contributing to that need on the day of her death. The divorce decree serves only to determine custody of the children, not dependency. These are two very distinct issues. Dependency may exist regardless of the custody determination. As has been repeatedly decided by our courts, a legal obligation to support is not a prerequisite for recovery. *Pennsylvania Co. v. Reesor* (1915), 60 Ind. App. 636, at 648, 108 N.E. 983, at 988. The deceased was contributing to the support of her children in a tangible and material way which forms the basis of the pecuniary loss to her children. She was living with the children and providing care, attention and all domestic services on the day of her death. The custodial parent, Ronald Lustick, was out of town on business for approximately five days each week and, in his absence, the deceased was fully responsible for the care of the children. Therefore, the trial court was in error in granting judgment on the evidence and the jury should have been allowed to decide the issue of dependency.

The appellant also contends that the court erred in refusing to allow the plaintiff's economic expert to testify as to the prospective future earnings of the decedent. The plaintiff called Dr. James A. Bernard, Chairman of the Economics Department of Valparaiso University and posed a hypothetical question. Defense counsel objected on the grounds that evidence of future earnings is not relevant until dependency has been shown. The court sustained the objection. Plaintiff then rephrased the question and asked Dr. Bernard to assume the children were dependent on the decedent. Defense counsel objected on the grounds that the question asked Dr. Bernard to assume a fact that was not in evidence, that is, dependency. The court sustained the objection.

In view of this Court's discussion on the issue of dependency, the objection of the defense counsel is no longer appropriate. However, for the testimony to be admissible, the plaintiff must show that it is relevant to a determination of damages.

" . . . Also that the assessment of damages must proceed, *not merely upon the pecuniary ability of the decedent, but rather upon the anticipations of pecuniary benefit*, which the surviving next of kin are shown to have reasonable ground to indulge. And, further, that the amount of damages recoverable should be predicated upon the conditions existing, and the contributions made, and being made, by the decedent to such next of kin, at and prior to his death, as shown by the evidence in the case. Such contributions, however, are not limited to those made in money, but may include such personal services as the evidence shows were rendered such next of kin by the decedent." [Citations omitted] [Emphasis added]

*Hines, Director v. Nichols, Admr.* (1921), 76 Ind.App. 445, at 452, 130 N.E. 140, at 142.

Relevancy, here, requires proof that at least a portion of the deceased's earnings were used to support the children. The evidence in the record established that Nancy Lustick gave care, attention and domestic serv-

ices to her children, but it did not show that she contributed a part of her earnings to their support. Consequently, this·evidence was properly excluded by the trial court.

█ The plaintiff's final point on appeal concerns the admissibility of evidence about the relationship of the decedent and her children prior to August 16, 1974. On that day, the Joint Petition for Dissolution of Marriage was filed and the Provisional Agreement of Settlement set forth the custody arrangement. These terms were incorporated into the final decree of November 22, 1974. Evidence regarding the relationship prior to the separation agreement is not relevant to prove the relationship after the separation. The trial court was correct in limiting the evidence. The plaintiff may be permitted to show the actual relationship of the mother and children after August 16, 1974. The divorce decree does not define this relationship; it merely establishes legal custody.

Because, in this case, the temporary agreement and the final order contain the same provisions as to custody, evidence is admissible from the date of the temporary agreement. However, if the terms regarding custody had been altered in the final order, evidence would be properly admissible only after the entry of the final order.

This case is reversed and remanded to the trial court for further action.

Reversed and remanded.

GARRARD, P. J., and STATON, J., concur.