**Scott E. NECESSARY, Administrator of the Estate of Juanita Necessary, Deceased, Appellant–Plaintiff,**

**v.**

**INTER–STATE TOWING, Appellee–Defendant.**

**No. 49A02–9703–CV–188.**

Court of Appeals of Indiana.

June 30, 1998.

Rehearing Denied Aug. 7, 1998.

D. Bruce Kehoe, Ralph E. Dowling, Wilson Kehoe & Winingham, Indianapolis, for Appellant–Plaintiff.

Kevin C. Schiferl, Robert W. Wright, Dean R. Brackenridge, Locke Reynolds Boyd & Weisell, Indianapolis, for Appellee–Defendant.

## OPINION

KIRSCH, Judge.

Scott A. Necessary, as Administrator of the Estate of Juanita Necessary, appeals the entry of partial summary judgment in the wrongful death action against Inter–State Towing, Inc., contending that the trial court erred in finding that Scott in his individual capacity and Joseph T. Necessary were not dependents under the Indiana wrongful death statute.[1]

We reverse and remand.

---

1. See IC 34–1–1–2.

## FACTS AND PROCEDURAL HISTORY

On October 2, 1995, Juanita Necessary was killed in an automobile accident with an Inter-State tow truck. Scott, as Administrator of the Estate, brought a wrongful death action against Inter-State, contending that Scott as Juanita's adult son, was a dependent child and Joseph as Juanita's adult grandson, was a dependent next of kin at the time of Juanita's death.

At the time of her death, Juanita, Scott, and Joseph had resided together for several years. They shared the household expenses. Juanita made the mortgage payment prior to 1991, and shared this responsibility from 1991 to December 1993, when Scott took over the mortgage payments; Scott also purchased and maintained a car for Juanita to drive; Joseph paid rent of $200.00 per month to Scott. Juanita made monthly payments toward food ($250.00) and utilities ($311.00), averaging $561.00 per month. Joseph and/or Scott paid $20.00 per week during 1995 for lawn care. The Estate also asserts that in addition to her financial contributions to the household, Juanita provided Scott and Joseph with love, affection, guidance, and services, such as cooking, cleaning, and tailoring.

Scott had a total income of $39,821.00 in 1994 and $41,506.00 in 1995. Joseph earned a total income of $23,140.77 in 1994 and $22,778.38 in 1995. Juanita's total income was $20,858.88 in 1994 and $17,573.00 in 1995. During the six years prior to Juanita's death, she did not declare Joseph or Scott as dependents on her income tax returns. Scott inherited a portion of Juanita's estate under her will; Joseph did not.

The trial court granted Inter-State's Motion for Partial Summary Judgment, and held that because Juanita had no dependents the recoverable damages by the Estate under the wrongful death statute were "limited to recovery of reasonable medical, hospital, funeral and burial expenses, and the reasonable costs of administration, which would inure to the exclusive benefit of the decedent's estate for payment thereof[.]" *Record* at 162. The Estate challenges the trial court's grant of partial summary judgment limiting recovery of damages and precluding the Estate from seeking dependency damages.

## DISCUSSION AND DECISION

When reviewing a decision on a summary judgment motion, this court applies the same standard as does the trial court. *Wickey v. Sparks,* 642 N.E.2d 262, 265 (Ind.Ct.App. 1994), *trans. denied* (1995). Summary judgment is appropriate if the "designated evidentiary material shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind.Trial Rule 56(C). Because wrongful death actions are purely creatures of statute and in derogation of the common law, they are strictly construed. *Southlake Limousine & Coach, Inc. v. Brock,* 578 N.E.2d 677, 679 (Ind.Ct.App.1991), *trans. denied* (1992). Therefore, only those damages prescribed by the statute may be recovered. *Id.* Pecuniary loss is the foundation of a wrongful death action, and the damages are limited to the pecuniary loss suffered by those for whose benefit the action may be maintained. *Id.* Pecuniary loss can be determined, in part, from the assistance that the decedent would have provided through money, services, or other material benefits. *Id.*

### I.

### Wrongful Death Statute

■ The Indiana wrongful death statute provides, in part:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action against the latter ... and the damages shall be such an amount as may be determined by the court or jury, including but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recoverable for reasonable medical, hospital, funeral and burial expenses shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any,

shall, subject to the provisions of this article, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased."

IC 34–1–1–2. The Indiana wrongful death statute provides for recovery by three different classes: (1) spouse or dependent children; (2) dependent next of kin; and (3) service providers, and further provides that damages shall be in such an amount as may be determined by the court, including, but not limited to, reasonable medical, hospital, funeral, and burial expenses, lost earnings, and the costs of bringing the wrongful death action, including attorney fees. IC 34–1–1–2. Only the first and second classes may recover damages resulting from lost earnings and from the non-pecuniary loss of love, care, and affection. *Ed Wiersma Trucking Co. v. Pfaff*, 643 N.E.2d 909, 911–13 (Ind.Ct.App. 1994), *adopted on trans.*, 678 N.E.2d 110 (Ind.1997); *Thomas v. Eads*, 400 N.E.2d 778, 782 (Ind.Ct.App.1980).

■ If either Scott or Joseph is found to be a dependent under the wrongful death statute, he could recover pecuniary losses related to Juanita's death. In addition, he could recover damages for loss of love, care, and affection. *Wiersma*, 643 N.E.2d at 913. To prove dependency, it must be shown that "a need or necessity of support [existed] on the part of the person alleged to be dependent . . . coupled with the contribution to such support by the deceased." *New York Central R.R. Co. v. Johnson*, 234 Ind. 457, 464, 127 N.E.2d 603, 607 (1955); *see also Wolf v. Boren*, 685 N.E.2d 86, 88 (Ind.Ct. App.1997), *trans. denied* (1998).

## II.

### Defining Dependency Under Wrongful Death Statute

The Estate argues that partial dependency is an adequate basis for recovery under the wrongful death statute and asserts that because Juanita, Scott, and Joseph pooled their income and shared household expenses, a mutual dependency was created. The Estate asserts that Scott and Joseph may be partially dependent even though they could survive without Juanita's financial contributions and services.

■ In *New York Central*, 234 Ind. at 466, 127 N.E.2d at 607, our supreme court noted that dependency is not measured by monetary contributions alone, "but may include keeping the family and home in a condition and with surroundings suitable to their station in life." Dependency can also be established through love, affection, and services, rather than just financial contribution. *Heinhold v. Bishop Motor Express, Inc.*, 660 F.Supp. 382, 385 (N.D.Ind.1987); *Wiersma*, 643 N.E.2d at 913. Partial dependency is sufficient to establish the "necessitous want." *See New York Central*, 234 Ind. at 464–65, 127 N.E.2d at 607; *see also Lustick v. Hall*, 403 N.E.2d 1128 (Ind.Ct.App.1980); *see also Pucalik v. Holiday Inns, Inc.*, 777 F.2d 359, 364 (7th Cir.1985).

In *New York Central*, a mother sought to recover pecuniary damages for the loss of her adult daughter who lived with her for twenty-seven out of the twenty-nine years of her life, although she was not living with the mother at the time of her death. 234 Ind. at 460, 127 N.E.2d at 605. The decedent, on either a weekly or bi-monthly basis, gave her mother different amounts of money, depending upon the decedent's income, to pay for groceries, fuel, clothes, insurance, utilities, medical bills, and to make part of a down payment on a home because the decedent's stepfather was not making enough to support himself and her mother. *Id.* at 460–61, 127 N.E.2d at 605. The supreme court held that the wrongful death statute does not require that the next of kin be totally dependent, and that the decedent need not have been under a legal obligation to support the next of kin. *Id.* at 464–65, 127 N.E.2d at 606–07; *see also Pucalik*, 777 F.2d at 364. The supreme court further held that the mother had sustained a pecuniary loss and that the evidence of damages was of sufficient weight to justify the jury's finding that the decedent was under a legal civil duty to contribute to the support of her mother. *New York Central*, 234 Ind. at 465–66, 127 N.E.2d at 607.

In *Cunningham v. Werntz,* 303 F.2d 612, 613–14 (7th Cir.1962), the defendant appealed from a judgment allowing the decedent's parents to recover for the death of an adult child. The court, applying Indiana law, held that there was sufficient evidence to find dependency where the decedent made financial contributions, in response to the needs of the parents, for several years totaling $150 to $600 annually. *Id.* at 614. These contributions were used by the parents to pay for household expenses and medical bills. *Id.*

In *Lustick,* a wrongful death action was brought seeking to recover pecuniary damages for the wrongful death of a mother of two minor adopted children who were in the care and custody of the father pursuant to a divorce decree. Notwithstanding the entry of the divorce decree, the decedent had moved back into the family home to care for her children and keep up the home. These services continued until the time of her death. The decedent's husband was away on business during most of this time. We reversed the trial court's grant of a motion for judgment on the evidence in favor of the defendant, holding that "partial, rather than a total dependency, is sufficient to support recovery under the statute." *Id.* at 1131. "The plaintiff may be partially dependent even though he could survive without the contribution made by the deceased." *Id.* at 1132.

Most recently, a panel of this court concluded that a jury question was presented on the question of dependency notwithstanding the surviving next of kin's full-time, gainful employment from which he earned nearly $30,000 per year. *See Luider v. Skaggs,* 693 N.E.2d 593, 596–97 (Ind.Ct.App.1998).

■ Inter–State argues that, as a matter of law, neither Scott nor Joseph were dependents because the Estate did not establish a "necessity of support." Inter–State points to the facts that both Scott and Joseph were adults at the time of Juanita's death, that Scott owned the house, making mortgage payments of $550 per month, and that Scott provided Juanita with a car. "Payments of board, lodging or other accommodations, mere gifts, or acts of generosity by children to parents standing alone are not sufficient to establish dependency on the part of the recipient." *New York Central,* 234 Ind. at 465, 127 N.E.2d at 607; *Koger v. Reid,* 417 N.E.2d 1142, 1144 (Ind.Ct.App.1981); *Kirkpatrick v. Bowyer,* 131 Ind.App. 86, 93, 169 N.E.2d 409, 412 (1960).

Inter–State also contends that the Estate did not establish a dependency upon Juanita's services, love, guidance, and affection. Although Indiana has recognized that non-monetary services are sufficient losses to establish dependency of minor children, *Lustick,* 403 N.E.2d at 1131, no Indiana court has held such services are sufficient to establish dependency of an adult child. Here, in addition to her non-monetary contributions, Juanita made significant financial contributions, and at the time of her death, paid for the household utilities and food. The question of whether non-monetary services standing alone are sufficient to establish dependency of adult children is not presented, and we do not reach it.

In *Estate of Miller v. City of Hammond,* 691 N.E.2d 1310, 1311 (Ind.Ct.App.1998), the decedent died at age twenty-three after suffering an electric shock while welding. At the time of his death, the decedent was a full-time student and was living with his parents. The decedent provided services to two family businesses. The decedent's parents, the Millers, brought a wrongful death action seeking, as dependents next of kin, to recover for the pecuniary loss suffered as a result of the death of their son. One of the defendants challenged the parents' status as dependents next of kin under the meaning of the wrongful death statute through a motion for summary judgment. The trial court granted the defendant's motion, and the parents appealed, asserting that they were dependents next of kin because their son partially supported them through his contributions toward the family businesses. On appeal, this court noted "providing services may satisfy the contribution prong in the test for dependency." *Id.* at 1313. However, there was absolutely no evidence indicating that the Millers had a "necessitous want" of the decedent's services. *Id.* The Millers were both able to maintain full-time employment, earning $66,567.71 in the year following their son's death, and that

the Millers claimed the decedent as a dependent on their income tax returns. "We characterize[d] the Millers' alleged 'need' as more of an 'expectation,'" *Id.* at 1313 (citing *Mehler v. Bennett,* 581 F.Supp. 645, 648 (S.D.Ind. 1984)), and held that summary judgment was properly granted against the Millers.

*Miller* is factually distinguishable from this case. There, the decedent made no financial contributions to his parents, made only occasional contributions of services to the family business, and was claimed as a dependent on his parents' tax returns. The primary pecuniary loss claimed by his parents was the expectation that he would take over the family business at some indeterminate future time. Here, Juanita made significant, regular and continuous financial and non-financial contributions on a daily basis.

In *Kirkpatrick,* the court quoted with approval the following language from 25A C.J.S. Death, Sec. 33(3), p. 650:

> "Dependency is based on a condition and not a promise, and such dependency must be actual, amounting to a necessitous want on the part of the beneficiary and a recognition of that necessity on the part of the decedent, an actual dependence coupled with a reasonable expectation of support or with some reasonable claim to support from decedent. The mere fact that the deceased occasionally contributed to the support of the beneficiary in some irregular way is not sufficient to support the action. However, it is not necessary that the beneficiary be wholly dependent."

169 N.E.2d at 412.

■ To recover under the wrongful death statute, a child or next of kin must establish dependency by first showing a need for support and second, the decedent's contribution to the support of the dependent. *Lustick,* 403 N.E.2d at 1131. In determining whether a dependent is in need or there is a necessity for support from the decedent, courts cannot only look to the regular financial contributions made by the decedent to the dependent, *Wolf,* 685 N.E.2d at 88, but must also look to the emotional support provided by the decedent to the dependent. *Wiersma,* 643 N.E.2d at 913.

■ The designated evidence before us fails to show that Scott and Joseph do not satisfy the foregoing requirements and that their familial and financial relationship did not give rise to a partial and mutual dependency. From such evidence, a jury could reasonably conclude that a mutual dependency existed "based on a condition and not a promise," that such dependency was "actual," that it was both needed and wanted by Scott and Joseph, that Juanita recognized that need, and that Scott and Joseph had a reasonable expectation that Juanita's financial and non-financial contributions would continue. Juanita's contributions were neither occasional, nor irregular, but were made on a daily basis over an extended period of time. As stated in *Kirkpatrick,* it is not necessary that Scott or Joseph be wholly dependent to establish a dependency claim under the statute.

We conclude that material questions of fact are presented regarding the dependency claims which render summary judgment inappropriate.

### III.

### Simultaneous Recovery of Dependent Child and Dependent Next of Kin

■ We must next consider, assuming dependency, whether Scott, as Juanita's adult child, and Joseph, as next of kin, can both recover as dependents under the wrongful death statute. Inter–State argues that the Indiana courts have recognized three distinct classes under the wrongful death statute, each of which may not recover if a member of a higher class recovers. Inter–State contends that this is consistent with the plain meaning of IC 34–1–1–2, "The remainder of the damages, if any, shall ... inure to the exclusive benefit of the widow or widower, as the case may be, *and* to the dependent children, if any, *or* dependent next of kin to be distributed in the same manner as *the personal property of the deceased.*" (Emphasis added). Specifically, Inter–State argues that a finding of Scott's dependency precludes Joseph from bringing his dependency claim. We agree.

In *Shipley, Adm'r v. Daly*, 106 Ind.App. 443, 444, 20 N.E.2d 653, 654 (1939), the decedent died leaving a widow, and the estate instituted a wrongful death action to recover damages for the benefit of the widow.[2] The widow died while the suit was pending and the administrator amended the complaint seeking to recover the hospital, medical, funeral, and estate administration expenses surrounding the decedent's death. Construing the original language of the statute and the 1933 amendment,[3] this court held that there was but one cause of action created by the statute, and it accrued upon the death of the injured party, and inured to the benefit of those named in the statute in the order stated, as of the date of death, and not otherwise. If there are no survivors of the first class, the right is for the benefit of those of the second class, if any, and if none, then for the benefit of those of the third class, but the right when it accrues does not pass upon the death of those of one class of persons to the next class. Since the wife died before trial, no action for wrongful death could be maintained.

In *Ondrey v. Shellmar Prods. Corp.*, 131 F.Supp. 542, 543–44 (N.D.Ind.1955), the court stated that the theory that the legislature intended "to include all dependents in one class and to permit suit if any member of that class were alive and then distribute in accordance with the laws of descent, does not apply in Indiana.... In other words, if we were to hold that the legislature of Indiana intended to include dependent next of kin in the same class with the widow or widower, if no dependent children survived, the only ones who could participate in the distribution would be the father or mother, or both." *Ondrey*, 131 F.Supp. at 544.

Resolution of this case is grounded in principles of statutory construction. Our goal in construing a statute is to give effect to the legislative intent. IC 1–1–4–1; *Figg v. Bryan Rental Inc.*, 646 N.E.2d 69, 72–73 (Ind.Ct.App.1995), *trans. denied.* To achieve that end, we must "consider the goals of the statute, and the reasons and policy underlying the statute's enactment." *Indiana State Police Dep't v. Turner*, 577 N.E.2d 598, 601, (Ind.Ct.App.1991), *trans. denied* 1992. The Indiana wrongful death statute has been amended numerous times, and the legislature has never acted to include, for the purposes of recovery, next of kin into the first class of dependents. When a statute has undergone several amendments, the latest is deemed to embody previous construction by a court unless a contrary intent is manifest. *Vandalia R.R. Co. v. Mizer*, 184 Ind. 680, 683, 112 N.E. 522, 524 (1916); *Thomas*, 400 N.E.2d at 783.

In *Luider*, a panel of this court held that the wrongful death statute permits a decedent's remote dependent next of kin to maintain a cause of action even where a closer non-dependent relative existed. *Luider*, at 596. The court further stated, "the degree of kinship alone should not be the sole factor in determining the right of recovery in a wrongful death action. Rather the issue of dependency should also define the right." *Id.* at 596.

The relationship between next of kin and heirship under the wrongful death statute, is explained in *L.T. Dickason Coal Co. v. Liddil*, 49 Ind.App. 40, 94 N.E. 411 (1911), *trans. denied.* There, the question was raised as to whether an action for damages arising out of the death of an illegitimate child could be brought for the benefit of the decedent's next of kin or whether the decedent, being an

---

**2.** Although the *Shipley* court was reviewing the since amended wrongful death statute, the language regarding the hierarchy of classes and "the distribution in the same manner as personal property of the deceased" has not been substantially altered, and we therefore review the most recent version of the statute with such precedent in mind.

**3.** As originally enacted the wrongful death statute, in part, read as follows: "The damages cannot exceed ten thousand dollars, and must inure

to the exclusive benefit of the widow and the children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." Acts 1881 (Spec.Sess.) ch. 38, s 8, p 240. In 1933, the legislature amended the statute adding the requirement of dependency in connection with the decedent's children and next of kin. Acts, ch. 112, s 1, p. 708. In 1965, the language of the statute was substantially altered, basically taking on its present form, supra. *Thomas*, 400 N.E.2d at 782.

illegitimate child, had no next of kin was raised. *Id.* In holding that the mother and half-siblings were entitled to inherit the personal property of an illegitimate child and thus they were next of kin, the court stated that there was no distinction between heirs at law and next of kin. *Id.* at 47, 94 N.E. at 413. In *McDonald v. Miner,* 218 Ind. 373, 376, 32 N.E.2d 885, 886–87 (1941), next of kin was defined, for the purposes of the wrongful death statute, to include all those who take under the laws of descent and distribution. Lastly, in *S.M.V. v. Littlepage,* 443 N.E.2d 103 (Ind.Ct.App.1982), an illegitimate child's mother appealed the entry of summary judgment on her petition for a distributive share of the proceeds from the settlement of a wrongful death action for the death of her child's putative father. This court concluded that the wrongful death statute makes a manifest reference to the laws of intestate succession and therefore the term dependent children under the wrongful death statute includes an illegitimate child who has the right to maintain a claim for inheritance against his father's estate under the laws of intestate succession. *Id.* at 108–09.

IC 34–1–1–2 in part provides: "The remainder of the damages … shall … inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin *to be distributed in the same manner as the personal property of the deceased.*" (Emphasis added). Thus, the legislature set forth two conditions for recovery under the wrongful death statute: dependency and heirship. If both of these cannot be shown by the claimant, then that person is precluded from recovering as a dependent under the wrongful death statute. To hold otherwise would be to ignore the plain language of the statute. If one is not an heir entitled to share in the distribution of the decedent's personal property, one is not entitled to damages under the wrongful death statute, dependency notwithstanding.

Here, Scott may recover under the wrongful death statute because, as Juanita's son, he would share in the distribution of her personal property. To do so, he must show dependency. Joseph may or may not recover. In order for Joseph to recover, he must not only demonstrate dependency, but also an entitlement to personal property as a beneficiary of Juanita's estate.

Reversed and remanded.

SULLIVAN and BAKER, JJ., concur.