GAIL GLEIM, as Adm'r of the Estate of Winona Ardis, Deceased, *et al.*, Plaintiffs-Appellees, v. DEMETRIO ROBERTS *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 1—08—1332

Opinion filed September 1, 2009.—Rehearing denied November 24, 2009.

Williams Montgomery & John, Ltd., of Chicago (C. Barry Montgomery, Alyssa M. Campbell, and Hanson L. Williams, of counsel), for appellants.

Dollar, Burns & Becker, L.C., of Kansas City, Missouri (Tim E. Dollar and Jeffrey A. Burns, of counsel), and Cray, Huber, Horstman, Heil & VanAusdal, LLC, of Chicago (Daniel K. Cray and James K. Horstman, of counsel), for appellees.

PRESIDING JUSTICE CUNNINGHAM delivered the opinion of the court:

This is a wrongful death case in which an interlocutory appeal was taken by the defendants, Yellow Transportation, Inc. (Yellow Transportation), and its employee-driver, Demetrio Roberts (Roberts), from an order of the circuit court of Cook County determining that Illinois law, not Indiana law, applies to the damages at issue. Illinois law applies no caps on the damages at issue while Indiana law does impose caps in some circumstances. The plaintiffs include the three administrators of the estates of three decedents who died when the automobile in which they were riding was struck by a truck owned by Yellow Transportation and driven by Roberts. The remaining six plaintiffs are the adult

daughters of these three decedents (two daughters per decedent), and three of those plaintiffs are also plaintiffs in the capacity of administrators of the estates of the three decedents.[1] The defendants, under the belief that Indiana law would place a cap on any damages obtained by the six plaintiffs who are children of the decedents, moved for a determination by the trial court that Indiana law, not Illinois law, should apply on the question of damage caps. After the trial court ruled that Illinois law would apply, the parties settled the case except for the exact amount of damages. On the question of damages, they entered into a high/low agreement that would be governed by the law of Illinois or Indiana, depending upon which state's law is ultimately determined, on appeal, to govern the damage cap issue.[2] At the defendants' request, the trial court then entered an order pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308) certifying the question and declaring that it merited an immediate, interlocutory appeal. We affirm.

## BACKGROUND

The relevant material facts are not in dispute. On October 30, 2004, defendant Roberts, an Illinois resident, was driving Yellow Transportation's double-rig truck on a return trip from New York to Illinois, on an assignment for Yellow Transportation. The assignment had begun in Illinois. On the Indiana toll road, defendant's truck crossed into oncoming traffic, striking a car in which four women were riding, including the plaintiffs' three decedents. All four women were killed, but the estate of one of the decedents and a surviving adult child of that decedent (Ledora Spence) settled their lawsuit against the defendants and thus are not parties to this appeal. There was evidence that Roberts suffered from sleep apnea and was medically required to use a continuous positive airway pressure (CPAP) machine to allow him to breathe properly at night and obtain restful sleep. When he did not use his CPAP machine, he would become sleepy during the day. Roberts did not bring his CPAP machine on this trip and therefore spent the night in New York without it, rising at 1:30

---

[1]There are nine plaintiffs: Gail Gleim, in her capacity as administrator of the estate of Winona Ardis (a decedent), and individually along with Crystal Jacobs as the children of decedent Ardis; Pamela J. Milroy in her capacity as administrator of the estate of Karen Peters and individually, with Stacy Burne, as the children of decedent Peters; and Ginger S. Roeder as administrator of the estate of Lois Faus and individually, along with Zelia Heintz, as children of decedent Faus.

[2]The agreement does not appear in the record on appeal, nor have the parties disclosed its details in their brief.

a.m. to drive back to Illinois. An Indiana State Police investigator concluded that fatigue played a part in the accident, in addition to Roberts driving too fast in the face of very strong winds on the highway. Plaintiffs' decedents were Pennsylvania residents, returning from a vacation in Illinois. Plaintiffs are residents of Pennsylvania and Arizona. Roberts' employer, defendant Yellow Transportation, is incorporated in Indiana but has its principal place of business in Kansas. It also has offices in Illinois, where Roberts was trained; from where his driving instructions were issued; and from where his driving assignments originated.

As stated, in 2005 the plaintiffs sued Roberts and Yellow Transportation in the circuit court of Cook County for wrongful death. The parties partially settled the case, including agreeing to a high/low damages award, with the actual award to be calculated based upon whether Indiana or Illinois law governed. The defendants filed a motion to determine the applicable law, seeking a declaration that Indiana's $300,000 damages cap applies to noneconomically dependent plaintiffs or survivors of decedents in wrongful death cases in which damages awarded were noneconomic. The trial court applied a choice-of-law analysis. The trial court found that when examining which state had the most significant relationship to the case, the factors were essentially evenly divided between Indiana and Illinois. The accident occurred in Indiana and the driver's employer was a corporation registered in Indiana, but with its principal place of business in Kansas. The only relationship between the parties was the Indiana accident. Some of Roberts' negligent actions, driving too fast for extremely windy conditions, occurred on the Indiana highway. But Roberts' negligent act of leaving his CPAP machine behind occurred in Illinois. Further, he worked out of Yellow Transportation's offices in Illinois, was trained there, and was dispatched from Illinois for the trip that resulted in the accident.

After finding that these factors did not weigh more heavily in favor of either state, the trial court turned to an interest analysis, which it found was the fundamental test for a choice-of-law determination under Illinois law. Looking to public policy, the court determined that there was a clear policy in Illinois against imposing a cap on damages for wrongful death actions, in order to fully compensate victims and to hold tortfeasors fully responsible. The trial court found that Indiana law took a more narrow view. Indiana law only imposes caps on that portion of wrongful death damages awarded when the decedent is an adult and the damages awarded are "noneconomic" and the plaintiffs are nondependents within the statutory meaning. In other words, only when nondependents obtain "noneconomic" damages does

Indiana law cap damages. Thus, Indiana law caps "noneconomic" damages awarded to the nondependent children, parents, or survivors of decedents in wrongful death cases. The trial court held that Illinois policy, which favors full compensation for victims of a tort, trumped Indiana policy, which limits damages for wrongful death in cases where the plaintiffs are "nondependents" seeking "noneconomic" damages.

## ANALYSIS

As the plaintiffs note in their briefs, a choice-of-law analysis presupposes a conflict in the relevant law of two states. Therefore, before applying a choice-of-law analysis, a court must first determine whether such a conflict exists. *McGrew v. Pearlman*, 304 Ill. App. 3d 697, 701, 710 N.E.2d 125, 128 (1999); *Malatesta v. Mitsubishi Aircraft International, Inc.*, 275 Ill. App. 3d 370, 374, 655 N.E.2d 1093, 1096 (1995). Only if the application of the law of one state will yield a different result from the application of the law of a second state is a choice-of-law analysis necessary. *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 155, 879 N.E.2d 893, 898 (2007); *McGrew*, 304 Ill. App. 3d at 701, 710 N.E.2d at 128; *Malatesta*, 275 Ill. App. 3d at 374, 655 N.E.2d at 1096. If the relevant laws of the two states yield essentially the same result regarding the issue in question, so that application of either law will produce the same result, there is no need to apply a choice-of-law analysis. *Wreglesworth v. Arctco, Inc.*, 316 Ill. App. 3d 1023, 1028, 738 N.E.2d 964, 969 (2000). In the absence of a conflict in the relevant laws of the two states, the law of the forum state applies. That means that if a case is brought in Illinois, then Illinois law applies. *SBC Holdings, Inc. v. Travelers Casualty & Surety Co.*, 374 Ill. App. 3d 1, 13, 872 N.E.2d 10, 20-21 (2007); *Dearborn Insurance Co. v. International Surplus Lines Insurance Co.*, 308 Ill. App. 3d 368, 373, 719 N.E.2d 1092, 1096 (1999). Here, the alleged conflict was that Illinois places no cap on damages in wrongful death cases, whereas by statute Indiana does place a $300,000 cap on noneconomic damages in such cases. However, the Indiana statutory cap only applies *if the decedent has only parents or children who are not economically dependent on the decedent*. See *Necessary v. Inter-State Towing*, 697 N.E.2d 73, 76 (Ind. App. 1998). In such a case, there is a cap of $300,000 on noneconomic wrongful death damages. Ind. Code §§34—23—1—1, 34—23—1—2 (2008).

The relevant portions of the Indiana statute are as follows:

"34—23—1—1. When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she *** lived, against the latter for an injury for the same act or omission. ***

[T]he damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. *The remainder of the damages, if any, shall, subject to the provisions of this article, inure to the exclusive benefit of the widow or widower \*\*\* and to the dependent children, if any, or dependent next of kin,* to be distributed in the same manner as the personal property of the deceased." (Emphasis added.) Ind. Code §34—23—1—1 (2008).

"34—23—1—2. \*\*\*

(a) As used in this section, *'adult person' means an unmarried individual*:

    (1) *who does not have any dependents*; and

    (2) who is not a child \*\*\*.

(b) If the death of an adult person is caused by the wrongful act or omission of another person, only the personal representative of the adult person may maintain an action against the person whose wrongful act or omission caused the death of the adult person.

(c) *In an action to recover damages for the death of an adult person, the damages*:

\* \* \*

    (3) *may include but are not limited to the following*;
    \*\*\*

    (B) *Loss of the adult person's love and companionship*.

(d) Damages awarded under subsection (c)(3)(A) for medical, hospital, funeral, and burial expenses inure to the exclusive benefit of the adult person's estate for the payment of the expenses. The remainder of the damages inure to the exclusive benefit of a nondependent parent or nondependent child of the adult person.

(e) *Aggregate damages that may be recovered under subsection (c)(3)(B) may not exceed three hundred thousand dollars ($300,000).* A jury may not be advised of the monetary limits placed on damages \*\*\*." (Emphasis added.) Ind. Code §34—23—1—2 (2008).

See T. Meyer & K. Lansberry, *Recent Development in Indiana Tort Law*, 34 Ind. L. Rev. 1075, 1075-78 (2001).

Our search of the record establishes that the defendants, who sought a choice-of-law determination in favor of Indiana law, never established that the plaintiffs in this case were not economic dependents of their decedents within the meaning of the Indiana statute. Indeed, the plaintiffs note that the record contains evidence of economic dependency based on the interrogatory responses of the

plaintiffs. These interrogatories established that the plaintiffs received substantial financial and in-kind support from the decedents, including thousands of dollars in financial support, interest-free loans, daycare services for the plaintiffs' children, and in one instance initiation of the purchase of a home with one of the plaintiffs. Furthermore, for purposes of the Indiana wrongful death statute, dependency may be established not only by financial contributions, but by a showing of emotional support by the decedent for the plaintiff. *Necessary*, 697 N.E.2d at 76.

As the parties seeking a choice-of-law declaration, it was the defendants' burden to present evidence establishing that such a declaration was necessary. In other words, the defendants needed to come forward with evidence to support their position. *Wilfert v. Retirement Board of Firemen's Annuity & Benefit Fund*, 318 Ill. App. 3d 507, 517, 742 N.E.2d 368, 377 (2000). The record shows that the defendants have not met their burden. There is not a scintilla of evidence in the record to support the defendants' naked assertion that the plaintiffs were not "dependents" of the decedents within the meaning of the Indiana statute. On appeal, the defendants seem to imply that the adult status of the decedents' children meets the statutory requirement of noneconomic dependency. We do not agree. Absent evidence which conforms to the Indiana statute, there is no conflict of law. It is well established that Illinois provides no cap for wrongful death damages and Indiana's limited cap for noneconomically dependent plaintiffs seeking noneconomic damages has not been shown to apply to the facts of this case. It is interesting to note that the defendants did not seek an evidentiary hearing in the trial court on the question of economic dependency under Indiana law. Thus, there is nothing in the record to support a finding that the plaintiffs are noneconomic dependents. Because the defendants did not meet their burden of proof, they have failed to establish that there was a conflict between the relevant Illinois and Indiana laws. Under such circumstances, the law of the forum state applies. Therefore, in this case the law of Illinois, which does not cap damages for wrongful death, applies.

We find no merit to the defendants' contention that all parties *assumed* that the laws of the two states differed on this issue. Plaintiffs note that this question was raised in the trial court, and the defendants stated in the trial court that the issue of "dependency" might need to be decided in the future. Yet, the defendants took no steps to create a record in support of their position that the Indiana cap applies. It is not enough to simply *state* that a particular law applies, nor is it sufficient to *assume* that a particular law applies. There

must be a legally sufficient record which supports that assertion. Furthermore, even assuming the parties were operating under an erroneous assumption that a conflict of law existed, such an erroneous assumption does not obviate the defendants' responsibility to make the appropriate record in support of their assumption.

As a reviewing court, we may affirm the judgment of the circuit court on any basis. *Jandeska v. Prairie International Trucks, Inc.*, 383 Ill. App. 3d 396, 398, 893 N.E.2d 673, 675 (2008). Although the trial court ruled on the erroneous assumption that it was confronted with a conflict of law, as we have discussed, the defendants never provided evidence of the conflict. Accordingly, we affirm the judgment of the circuit court finding that Illinois law applies to the issue of damages under the facts presented in this case.

For the reasons set forth in this opinion, we affirm the finding of the circuit court of Cook County and remand this matter for further proceedings consistent with this opinion.

Affirmed and remanded.

HOFFMAN and KARNEZIS, JJ., concur.